[No. 24654. Department Two. October 27, 1933.]

PUGET SOUND BULB EXCHANGE, *Respondent*, v. ST. PAUL FIRE & MARINE INSURANCE COMPANY, *Appellant*.[1]

[1]Reported in 26 P. (2d) 84.

*Wright, Jones & Bronson,* for appellant.
*Ellis & Evans,* for respondent.

TOLMAN, J.—By this action, the respondent, as plaintiff, sought recovery on a policy of insurance issued by the defendant insuring it against loss in the shipment by rail of a certain consignment of bulbs. The cause was tried to the court, resulting in findings and conclusions favorable to the plaintiff and a judgment thereon for the full amount sued for. From that judgment, the defendant has appealed.

We are met at the outset by the respondent's motions: (1) to strike the statement of facts because it was not served or filed within the time limited by law; (2) to strike from the transcript certain depositions because they were not served, certified or settled, or brought to this court as the rules require; (3) to strike from the files a certain so-called partial transcript of the testimony because it was not served and not certified by the trial court; and, (4) to strike the memorandum decision of the trial court because not made a part of the statement of facts as the rules require. Upon the admitted facts shown by the record, the motions must be granted.

■ We have so often held that the ninety day limitation upon serving and filing a statement of facts is mandatory or jurisdictional that a rediscussion or the citation of authorities seem unnecessary.

■ The depositions and the partial transcript of the testimony are neither certified to by the trial judge so as to entitle them to be made a part of the record; and, notwithstanding a stipulation permitting exhibits to be attached to the transcript, we cannot assume that these were matters which were submitted to, considered by, and which influenced the judgment of, the trial court. Or, if they were, then it must be presumed that other evidence was received which modified or offset their effect.

■ Also, while perhaps of no importance here, the rules require a memorandum decision, if brought up, to be made a part of the statement of facts.

The motions are granted in their entirety.

Of the errors assigned, there is left to be considered only the question of whether the pleadings and findings of fact support the judgment, the contention of appellant being that neither show title or an insurable interest in the insured property to be in the respondent at the time of the loss.

The pleadings are not now very material, as, under our well-established rule, pleadings are to be considered amended to conform to the proof, but in some respects they may assist in determining the meaning and effect of the findings.

The findings, after the formal findings of the corporate existence of the parties, proceed:

"That the business of plaintiff is the collection, purchase and shipping of bulbs; that said plaintiff corporation is a cooperative organization, all of its members being bulb growers in Pierce County, Washington; that the contract with growers provided all bulbs were sold to the Exchange.

"That on or about the 7th day of October, 1930, plaintiff shipped via Northern Pacific Railway, 169 cases of bulbs to American Bluefreisveem, 44 Whitehall Street, New York, N. Y., in Northern Pacific car No. 93484; that in said car load of bulbs were a large number of shipments of bulbs designed for and ordered by customers in and around New York City, which said bulbs were to be delivered for the plaintiff by the American Bluefreisveem."

The next finding is to the effect that, on the day preceding the shipment, for a valuable consideration, the policy was issued by the appellant to the respondent insuring the bulbs included in the shipment from all such damages as were later found to have occurred while the bulbs were in transit. This finding specifically sets out the policy in full, in which, following a description of the bulbs, are the words "the property of Puget Sound Bulb Growers Exchange." Then follow findings as to the damage and the cause thereof, the amount of the loss and that due proof of loss has been made.

In determining the question before us, we are bound by our long-settled rule:

"All intendments and inferences are to be taken in favor of the findings of the court. We must presume that there was evidence to sustain the findings." *O'Brien v. Industrial Insurance Department*, 100 Wash. 674, 171 Pac. 1018.

With this rule in mind, a reference to the findings seems to supply an answer to the question here propounded. In plain terms, the court found that the respondent was engaged in the business of buying and shipping bulbs, and to support that fact with all of the intendments and inferences favorable to the judgment, we must assume that, so far as the issues here are concerned, respondent purchased all of the bulbs which

it shipped. Therefore, it had title when it delivered the bulbs to the carrier.

█ Very good, says the appellant, but, when it shipped the bulbs to a third person in New York, title at once passed to the consignee. Such, no doubt, is the general rule, but there are many exceptions to the rule, some one or more of which may have been established by the evidence. However that may be, the finding goes further than merely to say that the bulbs were shipped to a third party in New York City. There is added to that these significant words:

" . . . that in said car load of bulbs were a large number of shipments of bulbs designed for and ordered by customers in and around New York City, which said bulbs were to be delivered for the plaintiff by the American Bluefreisveem."

If respondent included a large number of shipments in one consignment destined for a large number of customers, what more natural than for it to consign the whole to an agent to make the delivery for it? Indeed, that is exactly what the court by the concluding phrase found was done, "to be delivered for the plaintiff." If the goods were to be delivered for the plaintiff, the person making the delivery would be the plaintiff's agent, and if respondent shipped its own goods, consigned to its own agent, title at all times remained in it until the goods were by the agent delivered to respondent's customers.

█ If anything more be needed, we suggest that the appellant having insured this particular shipment, by a special policy applying to it alone, as the property of the respondent with the fact of the consignment to a third person in New York City fully disclosed, it is, under well-settled rules of law, bound by its written admission of title in respondent unless it was induced so to act by misrepresentation, fraud or

deceit of some kind. Any defense of that nature must be specially pleaded and affirmatively proved. The transcript reveals no such plea, and, as the trial court made no findings on the subject of misrepresentation or fraud, we must assume that no evidence upon that subject was offered.

B,eing convinced that the findings support the judgment, that judgment is affirmed.

BEALS, C. J., HOLCOMB, BLAKE, and GERAGHTY, JJ., concur.