[No. 28422. Department One. November 10, 1941.]

THE STATE OF WASHINGTON, *Respondent*, v. MORRIS COHEN, *Appellant.*[1]

*Groff & Kelleran, Ned W. Kimball,* and *William A. Herren,* for appellant.

*Frederick B. Cohen,* for respondent.

[1]Reported in 118 P. (2d) 959.

MAIN, J.—Morris Cohen was charged, by information, with the crime of receiving stolen property, knowing that the same had been stolen, to which he pleaded not guilty. Subsequently, the defendant changed his plea from not guilty to guilty. At this time, the court indicated that it desired to make an investigation in order to be able to determine whether the case was one where the sentence imposed should be suspended. The court made such an investigation, and interviewed a number of persons that had known the defendant for some years. When the matter finally came before the court again for the imposition of the sentence, the court stated that certain persons had been interviewed, and that the defendant had repeatedly submitted letters to the court from friends, apparently requesting either leniency or a suspension of the sentence.

At the time the defendant changed his plea from not guilty to guilty, and at the time he was sentenced, he was represented by counsel, but not the same counsel that appear for him upon this appeal. He was sentenced to the state penitentiary at Walla Walla "for the maximum term of fifteen years," and from this judgment and sentence he appealed.

The appellant makes two assignments of error which, in the brief, are discussed together, and the first of which is that the court erred in refusing to suspend the appellant's sentence and based its opinion upon a personal investigation; and, second, in not allowing the accused to face the third parties, whom the court had interviewed, and cross-examine them.

The position of the appellant can best be stated by quoting a portion of a paragraph in his brief as follows:

"This was appellant's first offense and, no doubt, he had been advised that the Court could, in its discretion,

suspend his sentence. Had appellant known that the Court would confront him with facts gained from third parties which would materially influence the decision of the Court, without giving appellant the opportunity to examine the accusers, would he have plead guilty? Counsel believe that he would not.

"Although the hearing to pass sentence was not in the true sense a 'trial,' nevertheless, the only evidence used in determining whether appellant's sentence should be suspended should have been produced in a strictly judicial manner. Evidence brought into court is the only method of investigation into facts known to the law."

Apparently, the appellant's position is that he was entitled to a hearing upon the question of whether his sentence should be suspended. It must be remembered that the suspension of a sentence rests in the discretion of the court. Rem. Rev. Stat., § 2280 [P. C. § 8715], provides that, whenever any person never before convicted of a felony or gross misdemeanor shall be convicted of any crime, except certain specified crimes of which grand larceny is not one,

". . . the court may in its discretion, at the time of imposing sentence upon such person, direct that such sentence be stayed and suspended until otherwise ordered by such court."

In the case of *State ex rel. Burgunder v. Superior Court*, 180 Wash. 311, 39 P. (2d) 983, it was pointed out that, where the statute fixes only a minimum, or a minimum and a maximum, the court exercises a discretion in fixing the term, and, if it has not sufficient information, acquired prior to that time, the court may take a reasonable time for an investigation. It was there said:

"If sufficient information has not been acquired prior to that time, he may, without doubt, take a reasonable time for investigation in order that he may fix the

punishment with due regard to maintaining the dignity of the law, the protection of society, the reformation of the offender, and all like matters proper to be weighed and considered in determining the penalty."

When the law was that the court exercised a discretion in fixing the penalty of a person convicted of crime, this court consistently refused, when the matter was directly presented, to interfere with the trial court's exercise of its discretion. *State v. Van Waters,* 36 Wash. 358, 78 Pac. 897; *State v. Patchen,* 37 Wash. 24, 79 Pac. 479; *State v. Shimoaka,* 141 Wash. 337, 251 Pac. 290. The cases cited, with reference to a statute that gives the court discretion in fixing the penalty, are closely analogous to the present situation where the statute gives to the court a discretion in determining whether a sentence should be suspended.

Cases, such as *Elston v. McGlauflin,* 79 Wash. 355, 140 Pac. 396, where the court, during a trial upon the merits, visited the place of a slide, which was the matter in controversy, without the knowledge of the parties or their counsel, and, in part, based its decision upon such view, have no application to the present situation.

Nor do cases which hold that, after there has been a suspension, it cannot be revoked without giving notice and a hearing to the defendant, because to do so would be invading his constitutional rights, have any application to the present situation. *State v. O'Neal,* 147 Wash. 169, 265 Pac. 175; *State v. Stuttard,* 151 Wash. 694, 277 Pac. 83.

The case of *People v. O'Brien,* 122 Cal. App. 147, 9 P. (2d) 902, relied on to a considerable extent by the appellant, is distinguishable, because, there, the court had to find the degree of the crime before imposing sentence, and, in order to do that, it was necessary to have a hearing.

So far as we are informed, no case has held that the court, in determining whether a sentence shall be suspended, is required to give the defendant a hearing upon that matter.

The judgment will be affirmed.

ROBINSON, C. J., MILLARD, STEINERT, and DRIVER, JJ., concur.