[No. 34418. Department Two. May 1, 1958.]

THE STATE OF WASHINGTON, *Respondent*, v. PETER ALBERT GRECO, *Appellant*.[1]

*Victor J. Felice*, for appellant.

*John J. Lally* and *William G. Luscher*, for respondent.

FOSTER, J.—Peter Albert Greco appeals from a judgment and sentence entered upon a verdict of guilty on a charge of grand larceny and, by multiple assignments of error, raises the single issue of the legality of the search of his automobile without a warrant.

Review of the evidence is unnecessary because no questions arise as to its sufficiency, the admission or rejection of evidence, or the instructions.

[1]Reported in 324 P. (2d) 1086.

By timely motion before trial, supported by his own affidavit, appellant moved to suppress the evidence seized as the result of the search of his automobile, because the police had no warrant therefor. By affidavit, two members of the Spokane police department denied appellant's claims. The pretrial motion was denied, but the order denying it did not specify the grounds of denial, nor did it identify any affidavit considered.

None of the affidavits are brought here under the court's certificate in the statement of facts, but appear only in the clerk's transcript, for which reason they may not be considered. *Zarelli v. Superior Distributing Corp.*, 51 Wn. (2d) 154, 316 P. (2d) 465.

When the cause was called for trial and before a jury was impaneled, the motion was renewed and then passed for subsequent consideration. By agreement between court and counsel, the motion was reconsidered during the trial itself after oral testimony respecting circumstances of the search. Appellant, at all times, objected to the admission of any of the articles seized in the search. The motion was renewed at the close of the state's case and again at the conclusion of all of the evidence, and again denied, so that the validity of the search is properly presented for decision.

*Wolf v. Colorado*, 338 U. S. 25, 93 L. Ed. 1782, 69 S. Ct. 1359, decided that the fourth amendment to the Federal constitution applied to state action, but that the Federal exclusionary rule, which originated in *Weeks v. United States*, 232 U. S. 383, 58 L. Ed. 652, 34 S. Ct. 341, as a means of enforcing the constitutional guaranty against unreasonable searches and seizures, did not. *Wolf v. Colorado, supra*, discloses that thirty-one states now reject the exclusionary doctrine of the *Weeks* case, while sixteen states—including Washington, *State v. Gibbons*, 118 Wash. 171, 203 Pac. 390—follow the Federal exclusionary rule.

Because a search is made without a warrant does not of itself prove an invasion of the appellant's constitutional guaranty against unreasonable search and seizure. 79 C. J. S. 828, § 65. The necessity for a search warrant may

be waived. 79 C. J. S. 816, § 62. The law respecting the waiver of immunity to search was recently summarized by United States District Judge Ben C. Dawkins, Jr., in *United States v. Kidd*, 153 F. Supp. 605 (July, 1957), in the following paragraph:

 "It is fundamental, in the absence of a valid warrant either of arrest[7] or for a search, that the burden of proving there was a truly voluntary and fully informed consent rests upon the Government.[8] Such proof must be made by clear and positive evidence, and it must be established that there was no coercion, actual or implied.[9] The Government must show a consent that is unequivocal and specific, freely and intelligently given.[10] If the consent actually given is made under compulsion, either 'physical or moral', it may not serve to validate a search and seizure otherwise invalid for want of a proper warrant.[11] No general exploratory search and seizure of either persons, houses, or effects can ever be justified either with or without a warrant.[12]

 "[7]Cf. *United States v. Rabinowitz*, 339 U. S. 56, 70 S. Ct. 430, 94 L. Ed. 653; *Harris v. United States*, 331 U. S. 145, 67 S. Ct. 1098, 91 L. Ed. 1399.

 "[8]*Nelson v. United States*, 93 U. S. App. D. C. 14, 208 F. 2d 505, 509; *United States v. Novero*, D. C., 58 F. Supp. 275; *United States v. Mc-Cunn*, D. C., 40 F. 2d 295; *United States v. Fowler*, D. C., 17 F. R. D. 499, 502.

 "[9]*Amos v. United States*, 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654; *Judd v. United States*, 89 U. S. App. D. C. 64, 190 F. 2d 649; *Nelson v. United States, supra*.

 "[10]*Karwicki v. United States*, 4 Cir., 55 F. 2d 225; *Novach v. United States*, 6 Cir., 53 F. 2d 639.

 "[11]*Ray v. United States,* 5 Cir., 84 F. 2d 654, 656.

 "[12]*United States v. Rembert*, D. C., 284 F. 996, 1006, Hutcheson, J.; see also *United States v. Lefkowitz*, 285 U. S. 452, 52 S. Ct. 420, 76 L. Ed. 877. Cf. *United States v. Rabinowitz, supra*, and *Harris v. United States, supra*."

 The search in the instant case was admittedly made without warrant after appellant had been apprehended by the Spokane police and while in their custody. The state claims that the appellant authorized the search of his car. The record herein shows: Two responsible members of the Spokane police department testified that the appellant three times freely granted permission to search the car, and that appellant's wife also granted permission. In addition, the

police inspector testified that, when the appellant was confronted with the cigarettes found in his car as a result of the search, appellant said he thought he had sold all of the cigarettes or otherwise he would not have granted permission.

As opposed to the state's evidence, the record contains only the testimony of the appellant himself, which may hardly be characterized as a denial of the state's proof on the question of waiver. His words are:

"They asked me for my keys and they asked me if they could search my car and I says, 'Yes, you can search my car' because it wouldn't do me any good to say 'No'. . . . I don't know how they got into my car. I don't remember anything. If I had known them cigarettes were in my car, I would never have told them to go ahead and shake my car down, I would never have given them the right to do that."

Thus, the record unequivocally demonstrates that the state sustained the burden of proving the appellant freely consented to the search. Appellant admits as much. The trial court was correct in denying the motion to suppress the evidence. Indeed, it could not have done otherwise.

No other error is claimed, and the judgment is, therefore, affirmed.

HILL, C. J., DONWORTH, WEAVER, and ROSELLINI, JJ., concur.

---

June 9, 1958. Petition for rehearing denied.