[No. 446-2.    Division Two.    November 19, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES DERE-
FIELD, *Appellant*.

*Paul L. Stritmatter* and *John M. Wolfe,* for appellant
(appointed counsel for appeal).

*L. Edward Brown, Prosecuting Attorney,* and *Curtis M.
Janhunen, Deputy,* for respondent.

PEARSON, J.—Defendant, Charles Derefield, is appealing a
10-year prison sentence following a conviction for second-
degree assault. At the time of the offense, defendant was
separated from his wife and children. Mrs. Derefield had
filed for a divorce to which defendant was vehemently
opposed. On the date of the assault, defendant had invited
his wife and children and her neighbors to visit him in
McCleary, Washington, in exchange for a promise not to

bother them in the future. Prior to their arrival, defendant left three suicide notes and placed a loaded rifle in his car. As Mrs. Derefield prepared to leave at the end of the visit, defendant went to his car, got the loaded rifle, told the children to go into the house, and asked the neighbors to leave. He then threatened Mrs. Derefield with the rifle until she agreed to drop the divorce proceedings. Defendant claimed at trial that he contemplated only suicide if Mrs. Derefield did not agree to remain his wife. However, the state contended and the jury decided otherwise. After arrest, a commitment hearing was held, in which defendant was sent to Western State Hospital for observation. Upon his release to stand trial 5 months later, a letter was sent by the attending physician at the hospital to the court, indicating it was the staff's opinion that defendant still entertained intentions to commit homicide and suicide if the divorce proceeding continued.

After conviction, the trial judge ordered a presentence report which subsequently recommended a deferred sentence. However, approximately 1 week before the probation hearing, the trial judge informed the parties in writing that he intended to sentence defendant to the penitentiary. Defendant acknowledges that probation is not a matter of right and the court is not bound to follow the recommendation of the presentence report. However, defendant contends that consideration of the unsworn letter from Western State Hospital in determining the sentence was improper and that this, together with the trial court's announcement of its decision prior to the probation hearing, violated his constitutional rights of confrontation, effective counsel, and due process.

It is well established that appellate courts do have the authority to review imposition of a sentence to determine if there has been an abuse of discretion. *State v. Hurst,* 5 Wn. App. 146, 486 P.2d 1136 (1971); *State v. Potts,* 1 Wn. App. 614, 464 P.2d 742 (1969). The record must reveal a basis for the exercise of the discretionary determination, and discretion is abused only where it can

be said no reasonable man would take a view adopted by the trial court. *State v. Hurst, supra.* There is a sufficient basis in the record of this trial to warrant denial of probation. The record shows that defendant had a violent temper, an alcohol problem, and a preoccupation with firearms. Furthermore, even though the detailed presentence report recommended probation, the trial judge commented that the report itself had convinced him to confine defendant. There was a sufficient basis for the sentence without referring to the letter from Western State Hospital, but we wish to make clear that consideration of that letter as a further source of information on defendant's background would not have been improper. Highly relevant, if not essential, to a trial judge's selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. A judge, in exercising his sentencing discretion, should not be denied pertinent information by a requirement of rigid adherence to restrictive rules of evidence properly applicable to the trial. *Williams v. New York,* 337 U.S. 241, 93 L. Ed. 1337, 69 S. Ct. 1079 (1949).[1] Consideration of an unsworn letter, as well as an unsworn presentence report in determining whether or not to allow probation does not violate defendant's constitutional rights of due process, confrontation, or right to counsel.

While we affirm imposition of sentence in this case, we do not believe it proper for the trial court to announce its decision on the penalty prior to the probation hearing. The trial judge apparently acted under RCW 9.95.200[2] in deciding to hold a probation hearing and to order a pre-

[1] The *Williams* case challenged the constitutionality of considering a presentence report in determining sentence.

[2] RCW 9.95.200 provides: "After conviction by plea or verdict of guilty of any crime, the court upon application or its own motion, may summarily grant or deny probation, or at a subsequent time fixed may hear and determine, in the presence of the defendant, the matter of probation of the defendant, and the conditions of such probation, if granted. The court may, in its discretion, prior to the hearing on the granting of probation, refer the matter to the director of institutions or such officers as the director may designate for investigation and report

sentence report. Under the statute, granting a probation hearing is discretionary, but where one is granted, it is our opinion that the judge should reserve final determination until defendant's counsel has had the opportunity to be heard. Counsel plays an important role in sentencing; he should see that the conviction and sentence were not predicated on misinformation or misreading of court records. *See Townsend v. Burke,* 334 U.S. 736, 92 L. Ed. 1690, 68 S. Ct. 1252 (1948).[3] He should also have the opportunity to present extenuating circumstances, explain defendant's conduct, and appeal to the equity of the court. *Martin v. United States,* 182 F.2d 225 (5th Cir. 1950).[4] Counsel also serves an added function in this state by taking an active part in the probation hearing, since the judge is required under RCW 9.95.030 to recommend to the Board of Prison Terms the length of time he feels defendant should serve. *Mempa v. Rhay,* 389 U.S. 128, 19 L. Ed. 2d 336, 88 S. Ct. 254 (1967).[5] Admittedly, counsel in the case at hand was allowed to submit argument at the probation and sentencing hearing and indicated that he had presented everything he wished on behalf of defendant. We question, however, the effectiveness with which counsel can perform his constitu-

to the court at a specified time, upon the circumstances surrounding the crime and concerning the defendant, his prior record, and his family surroundings and environment."

[3]In *Townsend* it was held to be a violation of due process where defendant was without counsel at sentencing, and the sentence was based in part on crimes for which defendant had not been convicted.

[4]In *Martin* a federal court held it to be prejudicial error where court-appointed counsel was absent at sentencing.

[5]The court stated in *Mempa v. Rhay, supra,* at 135: "On the other hand, the sentencing judge is required by statute, together with the prosecutor, to furnish the Board with a recommendation as to the length of time that the person should serve, in addition to supplying it with various information about the circumstances of the crime and the character of the individual. Wash. Rev. Code § 9.95.030. We were informed during oral argument that the Board places considerable weight on these recommendations, although it is in no way bound by them. Obviously to the extent such recommendations are influential in determining the resulting sentence, the necessity for the aid of counsel in marshaling the facts, introducing evidence of mitigating circumstances and in general aiding and assisting the defendant to present his case as to sentence is apparent."

tionally guaranteed function if the court announces its decision in advance of the hearing. Nevertheless, we are bound to affirm the trial court in this case, as the trial record and the presentence report provided an ample basis for denial of probation.

Affirmed.

PETRIE, C.J., and ARMSTRONG, J., concur.