[No. 524-3. Division Three. November 22, 1972.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM LEE
SANDERS, *Appellant*.

*Fred E. Porter* (of *Porter & Hopkins*), for appellant (appointed counsel for appeal).

*Lincoln E. Shropshire, Prosecuting Attorney,* and *Adam Moore, Deputy,* for respondent.

EDGERTON, J.—Found guilty by a jury of unlawful possession of heroin with intent to deliver, defendant William Lee Sanders appeals.

 Appellant first assigns error to the trial court's denial of his motions to dismiss the case and for arrest of judgment or new trial notwithstanding the verdict because there was insufficient evidence to prove he had possession of heroin. The governing legal rule is:

> "A challenge to the sufficiency of the evidence or a motion having that effect admits the truth of the evidence of the party against whom the challenge or motion is made and all inferences that reasonably can be drawn from such evidence, and requires that the evidence be interpreted most strongly against the challenger or movant party and in the light most favorable to the opposing party.

*State v. Lutes,* 38 Wn.2d 475, 481, 230 P.2d 786 (1951); *State v. Reynolds,* 51 Wn.2d 830, 833, 322 P.2d 356 (1958); *State v. Uglem,* 68 Wn.2d 428, 432, 413 P.2d 643 (1966). *State v. Uglem, supra* at 432, also held, quoting from *State v. Reynolds, supra:*

> Whether the evidence is sufficient to submit the issue to the jury is a question of law for the court, and no element of discretion is involved. . . . Where there is any evidence, however slight, and the evidence is conflicting or is such that reasonable minds may draw different conclusions therefrom, the question is for the jury. (p. 834.)

 Possession of narcotic drugs may be either actual or constructive. *State v. Mathews,* 4 Wn. App. 653, 484 P.2d 942 (1971); *State v. Cabigas,* 3 Wn. App. 740, 477 P.2d 648 (1970). Constructive possession is proved when the person charged with possession had dominion and control of either the drugs or the premises upon which the drugs were

found. *State v. Mathews, supra.* Even though there is not sufficient direct evidence to establish constructive possession such may be proved by substantial circumstantial evidence. As noted by the court in *State v. Green,* 2 Wn. App. 57, 70, 466 P.2d 193 (1970):

> Although the circumstantial evidence in the case must be consistent with the hypothesis that the accused is guilty, and inconsistent with any reasonable hypothesis or theory. of his innocence . . ., whether or not the circumstantial evidence excludes every reasonable hypothesis consistent with the appellant's innocence is a determination properly made by the trier of the facts. . . . This court's only function on appeal is to determine if there is substantial evidence in the record tending to establish circumstances upon which a finding of guilt can be predicated.

In *State v. Mathews, supra,* the court held that, although mere proximity to concealed narcotic drugs is not sufficient in itself to establish dominion and control over them, proximity coupled with other circumstances linking the defendant to the heroin is sufficient to create an issue of fact of constructive possession.

In this case the evidence is that, about 12:40 p.m. on September 3, 1971, a Yakima police detective who had appellant under surveillance saw one Edwards, a known narcotic addict, approach the appellant in front of his Yakima residence. The two conversed about 30 seconds, and separated. The addict drove around to the alley at the rear of the house and there met appellant again. There the officer observed what he termed an "exchange of hands" between them. Edwards left and the officer followed, arresting him several blocks away. Clutched in Edwards' hand were five capsules of heroin. Later, after obtaining a valid search warrant for the premises at 705 South Fourth Street, police officers returned to make the search. Upon arrival they found appellant seated on the front porch washing the ashtrays from his automobile parked on the street in front of the house. Showing appellant the search warrant the officer took him inside the house, read the warrant to him, and

proceeded to search the house. The 3-hour search that ensued resulted in the seizure of the following items: Boxes of empty gelatin capsules, finger cots, penny balloons, lactose, two small mesh strainers, one large strainer, and several measuring spoons. Expert testimony related that the above-seized items are commonly used in the packaging and sale of heroin.

Following the search of the house and yard, the officer examined the appellant's automobile and discovered lying in the gutter between the car and curb of the public street, a paper sack containing 17 capsules of heroin. This was a distance of no more than 30 feet from where appellant was seated when the police first arrived. From there appellant had unobstructed observation of the location and, by moving quickly, actual physical control. The state's expert witness testified that two of the measuring spoons seized in the residence had a morphine residue on them, and that an infrared spectral photometric comparison of the lactose found in the house displayed the same characteristics as the heroin capsules found in the gutter. Further scientific testing showed the heroin capsules found in the sack and those found on Edwards contained the same percentage of heroin to lactose. By striation comparison on a ballistics microscope the gelatin capsules found in the house in the possession of Edwards and in the gutter were showed to have been made on the same machine. Marjie Green, a defense witness, testified that she owned the house and the items seized, but denied ownership of the sack containing the heroin. In light of the principles hereinbefore discussed on constructive possession, we find the foregoing facts constitute sufficient and substantial evidence to make a jury question as to whether defendant constructively possessed the heroin.

Here, a caveat is appropriate. This decision is based on and limited to the peculiar facts and circumstances of this case and should not be construed as unduly extending the principle of constructive possession. Every bag of heroin

lying in the street a short distance from someone standing or sitting nearby does not in and of itself make out a case of constructive possession in that person, and this decision should not be so construed. It is the defendant's proximity to the concealed drugs, plus the many connecting circumstances which indicate defendant's positive control of the drugs, that makes the evidence sufficient to go to the jury.

■ Appellant also assigns as error the judgment and sentence subjecting the appellant to the increased penalty for a second offense, without presenting the issue to the jury. Appellant relies for this contention on the following statement from *State v. Nass,* 76 Wn.2d 368, 370, 456 P.2d 347 (1969):

> It is the rule that, where a factor aggravates an offense and causes the defendant to be subject to a greater punishment than would otherwise be imposed, the issue of whether that factor is present must be presented to the jury upon proper allegations and a verdict thereon rendered before the court can impose the harsher penalty. [Citing cases.]

The jury verdict found the defendant guilty of unlawful possession of a controlled substance with intent to deliver. This is a violation of RCW 69.50.401(a)(1)(i), which provides a penalty of imprisonment for not more than 10 years or a fine, or both. RCW 69.50.408 provides "(a) Any person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized, . . ." No evidence was presented to the jury concerning this being a second or subsequent offense of that nature. The trial court in its judgment and sentence, however, found the defendant had been duly convicted of "the crime of unlawful possession of heroin with intent to deliver, second or subsequent offense," and sentenced him to not more than 20 years to run consecutively to Yakima County cause No. 16240. It is appellant's contention that this judgment and sentence is not lawful because the issue of any prior conviction was not presented to the jury. To have done this would have been highly improper.

In relying on *State v. Nass, supra,* appellant overlooked this language in that same case, at page 371:

It is obvious that evidence of former convictions is so prejudicial in its nature that its tendency to unduly influence the jury in its deliberations regarding the substantive offense outweighs any legitimate probative value it might have in establishing the probability that the defendant committed the crime charged.

Moreover, the *Nass* case is distinguishable from the case at bar. In that case the defendant was convicted of an unlawful sale of a narcotic drug, an offense which carries a heavier penalty if the transaction is had with a minor. The court there held that the fact of a sale to a minor was a factor affecting the severity of the punishment and so required proof.[1] In this case it is not an element of the crime itself that is involved, but a prior violation of the Uniform Narcotic Drug Act, in which case the act provides in the event of a second or subsequent offense the court may impose a penalty of twice the term otherwise authorized. It is the court that fixes the sentence, however, not the jury. RCW 9.95.010. In pronouncing sentence generally the court may take into consideration prior offenses and other background that might bear on leniency or severity of punishment. 21 Am. Jur. 2d *Criminal Law* § 585 (1968), at 548 *et seq.* In this case it is authorized specifically to do so by statute. RCW 69.50.408. The appellant makes no claim that he had no prior conviction.[2] His dissatisfaction is that this fact was

---

[1] The situation there was analogous to one under RCW 9.95.040(2) that fixes a minimum term of 7½ years for one armed with a deadly weapon at the time of committing an offense if he has previously been convicted of a felony. In that situation the question of whether an accused was so armed is submitted to the jury, that of prior conviction to the sentencing court and Board of Prison Terms and Paroles.

[2] The trial court found that the defendant had a previous conviction for the same offense and sentenced him accordingly. That defendant had a previous conviction for the same offense for which he here stands convicted is known to this court. On March 28, 1972 this court, in an unpublished opinion, affirmed defendant's conviction (and that of his codefendant Marge Green) in the Yakima County Superior Court for unlawful possession of narcotics. In that case a cache of heroin was

found by the court rather than the jury. There is no merit to this assignment of error.

Judgment affirmed.

MUNSON, C.J., and GREEN, J., concur.

found adjacent to the rear porch of the house at 705 South Fourth Street, Yakima, the same premises as are involved here, and it was there held, "There was a sufficient basis for the jury to infer, from the circumstantial evidence, that defendant Sanders had sufficient dominion and control over the premises to constitute constructive possession of the narcotics." It may be noted the facts of this case on appeal bear a strikingly close resemblance to those of the case of appellant's prior conviction.