[No. 43722. En Banc. February 26, 1976.]

THE CITY OF SEATTLE, *Respondent*, v. HENRY LORENCE RAINWATER, *Appellant*.

*Robert C. Boruchowitz* of *Seattle-King County Public Defender*, for appellant.

*John P. Harris, Corporation Counsel*, by *Walter L. Williams, Assistant*, for respondent.

FINLEY, J.—This criminal appeal was certified to this court by the Court of Appeals and we accepted it for review. The appellant, Henry L. Rainwater, was tried before a judge of the Municipal Court of Seattle and found guilty of driving while under the influence of intoxicating liquor (Seattle Code § 21.26.020) count 1, and of negligent driving (Seattle Code § 21.26.130) count 2. On appeal de novo to the King County Superior Court, appellant again was found guilty of both charges by a jury. Sentences imposed by the court were as follows: $200 fine and 5 days in jail on the charge of driving under the influence, with $150 and the

5 days in jail suspended, and $25 fine suspended on the negligent driving charge.

In this appeal, appellant claims (1) that a chemical breath test was given improperly by arresting police officers and the result should not have been admitted into evidence against him, and (2) that the trial court erred in giving instruction No. 6, *infra*, and in refusing instructions Nos. 3, 8, and 10, *infra*, offered in behalf of appellant. We find no error and affirm the trial court.

On February 2, 1974, Seattle Police Officers C. D. Winther and R. J. Rispoli were dispatched to investigate an accident in a parking lot adjacent to an Arco service station located in south Seattle. The officers observed three damaged vehicles in the parking lot at the filling station. Investigation revealed that appellant had attempted to drive between two rows of cars which were waiting in line for gasoline. His car had struck a lamp post, a pickup truck's left front fender, and the rear of a Lincoln Continental. Upon observing appellant's appearance and physical condition, the officers asked him to perform several field sobriety tests. Failing these tests, he was arrested, advised of his *Miranda* rights, and transported to the Georgetown precinct. He again was advised of his *Miranda* rights and was requested to take a chemical breath test. He consented. The chemical breath test was administered and recorded a reading of 0.18 percent.[1] Appellant raises no issue regarding his conviction for *negligent* driving.

Pursuant to RCW 46.61.506, the state toxicologist, in WAC 448-12-020, approved 11 steps that should be followed in administering a chemical breath test. Prior to 1972, only step 10 of the testing procedure required a 1½-minute waiting period during the operation of the machine. In 1972, WAC 448-12-020 was revised to require an additional 1½-minute waiting period during step 7 because a new and

---

[1] RCW 46.61.506(2)(c) creates a presumption that a person is under the influence of intoxicating liquor if a chemical breath test reading is 0.10 percent or more.

somewhat different Breathalyzer machine, model No. 900A, had been developed and was being sold.

In the instant case, Seattle police used an older model 900 Breathalyzer machine. That model does not have the automatic timing device that the newer model 900A has and which requires the operator to wait a 1½-minute period in both steps 7 and 10. In step 7, the machine is flushed out with room air to remove any air from a previous test. After the 900A machine is flushed with room air, the timing device is automatically activated and prevents the operator of the machine from going on to the next step for 1½ minutes. A 1½-minute waiting cycle is automatically repeated in step 10. The automatic timing device installed in the model 900A was designed basically to insure that the sample of alveolar air taken from the subject had sufficient time to react with the chemical solution in the ampule. The subject blows into the machine and the air is forced through a test ampule containing a chemical solution. Any alcohol present in the breath sample reacts with the solution in the test ampule, thereby causing a change in the color of the solution. The change in color is measured by photoelectric cells, and a reading may be obtained from a galvanometer which reflects the percentage of alcohol in the subject's blood. *State v. Baker*, 56 Wn.2d 846, 851-52, 355 P.2d 806 (1960).

Officers Peterson and Schusster, Breathalyzer technicians, testified that the 1½-minute waiting period at step 7 is not necessary and would have no effect upon an accurate reading. Because at this point the machine has been purged and is without traces of alcohol, no chemical reaction could occur. On the other hand, a chemical reaction takes place in step 10. There the alcohol in the breath sample and the chemical solution in the ampule react and the failure to wait the prescribed 1½-minute period possibly could result in a lower reading which would *favor* the individual taking the breath test.

Officer Rispoli testified that he completed all of the steps required in the operation of the model 900 machine.

Officer Peterson testified that he tested the machine used to administer the test to appellant on February 2 and February 14 and that it was in good order and operating properly. We are convinced that there is no merit to the contention that the Breathalyzer machine was operated improperly in a manner prejudicial to the appellant.

In addition to the chemical breath test, there was ample testimony and evidence by Officer Rispoli and other witnesses to sustain the finding of the jury that appellant was guilty of the charge of driving while under the influence of alcohol.

In appellant's second assignment of error, it is argued that the trial court erred in giving instruction No. 6[2] and in failing to give proposed instructions Nos. 3, 8, and 10.[3]

CrR 6.15(c) provides, in part:

The party objecting shall state the reasons for his objection, specifying the number, paragraph, and particular part of the instruction to be given or refused.

[2]"It is not necessary that the person be 'drunk' or 'intoxicated' as such terms are normally used to be 'under the influence of or affected by intoxicating liquor.'

"A person is 'under the influence of or affected by intoxicating liquor' when, as a direct result of the consumption thereof, his ability to operate his automobile is impaired in any degree."

[3]"You are also instructed that, the fact, if you find as a fact, that the defendant was driving a vehicle on the public highway while under the influence of an alcoholic beverage to some degree, standing alone, is insufficient to support a finding of guilt. The prosecution must also prove that the defendant's ability to drive in a cautious and prudent manner was significantly impaired; and if you have a reasonable doubt as to whether the defendant's ability to drive in a cautious and prudent manner was significantly impaired, you are instructed to find the defendant not guilty." Instruction No. 3.

"You are instructed that the defendant's admission that he drank an alcoholic beverage before driving an automobile, in itself alone, is not sufficient to prove beyond a reasonable doubt that defendant was under the influence of intoxicating liquor when he drove an automobile upon a public street." Instruction No. 8.

"A person is under the influence of intoxicating liquor within this section if liquor has so far affected the nervous system, brain or muscles as to impair to an appreciable degree his ability to operate a motor vehicle in a manner that an ordinarily prudent and cautious person, in full possession of his faculties, would operate a similar vehicle, under like conditions." Instruction No. 10.

It has been stated many times that the purpose of the rule is to afford the trial court an opportunity to know and clearly understand the nature of the objection to the giving or refusing of an instruction in order that the trial court may have the opportunity to correct any error. *State v. Louie*, 68 Wn.2d 304, 311-12, 413 P.2d 7 (1966); *Dravo Corp. v. L.W. Moses Co.*, 6 Wn. App. 74, 83, 492 P.2d 1058 (1971). See *State v. Scherer*, 77 Wn.2d 345, 352, 462 P.2d 549 (1969). In the instant case, the trial court was not advised of the grounds of objection to instruction No. 6 given by the trial court or the grounds of objection to the refusal of the trial court to give proposed instructions Nos. 3, 8, and 10.[4]

Exceptions to the failure of the trial court to give an instruction must clearly apprise the trial judge of the points of law involved. Where the exception and the discussion of it does not do so, points of law or issues involved will not be considered on appeal. *State v. Scherer, supra; Dravo Corp. v. L.W. Moses Co., supra* at 82. In regard to the trial court's refusal to give proposed instructions Nos. 3 and 10, it is clear that these instructions were inconsistent with instruction No. 6 as given by the trial court. Since

---

[4]The record shows only the following colloquy occurred:

"I would take exception to the instruction of the City which says:

" 'It is not necessary that the person be "drunk" or "intoxicated." '

"I would propose instead that the instruction at the end read:

" '. . . is impaired' period, rather than

" '. . . in any degree.' Or, in the alternative, use our instruction.

"Also, on the reasonable doubt instruction, I would take exception to the one decided on by the Court and proposed instead our mere matter of form instruction.

"On the burden of proof, which the Court has decided on using the City's instruction, presuming the defendant to be innocent until proven guilty beyond a reasonable doubt; going on until the last sentence of the instruction regarding abiding conviction, we would propose adding to that:

" 'If after a careful consideration and comparison of all the evidence you cannot say you have an abiding conviction, then you are not satisfied beyond a reasonable doubt.'

"We would also suggest that our instruction concerning mere consumption of alcohol, how that should be considered, should be included, both with regard to the DWI and with regard to the negligent driving.

"That would be all, your Honor."

instruction No. 6 was not properly excepted to, it became the law of the case. The court could not be expected and was not required to give instructions Nos. 3 and 10 which would have been inconsistent with instruction No. 6 given by the trial court. In addition, appellant failed to set out in his brief in full instruction No. 6 as required by ROA I-42 (g) (1) (iii). For this additional reason, we cannot consider any error assigned to instruction No. 6. ROA I-43; *State v. Scherck*, 9 Wn. App. 792, 514 P.2d 1393 (1973).

We have reviewed appellant's other contentions and find they lack merit and need not be considered. Finding no error prejudicial to the appellant, we affirm the trial court.

STAFFORD, C.J., and ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.