[No. 2005-2.　Division Two.　October 25, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM C. BATTEN, *Appellant*.

*Ronald D. Ness*, for appellant (appointed counsel for appeal).

*John C. Merkel, Prosecuting Attorney*, and *Warren K. Sharpe, Deputy*, for respondent.

COCHRAN, J.*—The sole question raised on this appeal is whether, in sentencing the defendant to consecutive terms on three counts of assault, the trial court abused its discretion in considering the arrest of the defendant in another county on a charge of murder.

The defendant was convicted by a jury on three counts of second-degree assault on three of his stepchildren. Prior to sentencing, he was charged with the murder of two women in Grays Harbor County. The trial court, referring specifically to the charge in Grays Harbor County, sentenced him to three 10-year sentences, to run consecutively.

RCW 9.92.080(2) and (3) provide in part as follows:

Whenever a person is convicted of two or more offenses . . .

. . . the sentences imposed therefor shall run con-

*Judge John D. Cochran is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

secutively, unless the court, in pronouncing the second or other subsequent sentences, expressly orders concurrent service thereof.

The court in *State v. Dainard*, 85 Wn.2d 624, 628, 537 P.2d 760 (1975) said:

[W]e recognize that an arrest, without charge, trial and conviction, is not proof of guilt. It is, however, evidence that the arresting officer considered that he had probable cause to make the arrest. The occurrence is one which has some relevance to the question before the court in a sentencing procedure.

On the question of abuse of discretion, the court in *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971) said:

Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. Where the decision or order of the trial court is a matter of discretion, it will not be disturbed on review except on a clear showing of abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.

(Citation omitted.)

The court stated in *State v. Birdwell*, 6 Wn. App. 284, 299, 492 P.2d 249 (1972): "Discretionary abuse may exist only where it can be said that no reasonable man would take the view adopted by the trial court."

The trial court did not abuse its discretion in sentencing the defendant.

Judgment affirmed.

REED, A.C.J., and RUMMEL, J. Pro Tem., concur.