[No. 44368.    En Banc.    April 21, 1977.]

THE STATE OF WASHINGTON, *Appellant,* v. CLYDE
GUS COLWASH, *Respondent.*

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *David W. Waterbury, Deputy,* for appellant.

*Jim Gavin* and *Gavin, Robinson, Kendrick, Redman & Mays,* for respondent (appointed counsel for appeal).

DOLLIVER, J.—This is an appeal from a split decision of the Court of Appeals. *State v. Colwash,* 15 Wn. App. 530, 550 P.2d 57 (1976). That court reversed the defendant's conviction for second–degree murder and remanded for a new trial. We affirm that order.

On April 30, 1973, Clyde Gus Colwash was charged with first–degree murder for the stabbing of Danny Sampson. He was convicted of second–degree murder and sentenced to not more than 25 years. The jury signed a special verdict, finding that Colwash was armed with a deadly weapon during the crime. As a result, he received a minimum mandatory sentence of 7 1/2 years pursuant to RCW 9.95.040(2).

The Court of Appeals was divided on only one of the several issues raised by defendant, namely, whether the trial court erred in refusing to give defendant's proposed manslaughter instructions. The jury was instructed on the elements of first– and second–degree murder. All three appellate court judges found, as we do, there was ample evidence of voluntary intoxication to justify a manslaughter instruction. Defendant's counsel offered such an instruction to the court but it was refused. One judge, dissenting, found the trial court was not clearly apprised of the defendant's theory in accordance with CrR 6.15(c), and, therefore, the Court of Appeals could not properly reverse the trial court. The rule in question, CrR 6.15(c) states:

> Before instructing the jury, the court shall supply counsel with copies of the proposed numbered instructions, verdict and special finding forms. The court shall afford to counsel an opportunity in the absence of the

jury to object to the giving of any instructions and the refusal to give a requested instruction or submission of a verdict or special finding form. *The party objecting shall state the reasons for his objection, specifying the number, paragraph, and particular part of the instruction to be given or refused.* The court shall provide counsel for each party with a copy of the instructions in their final form.

(Italics ours.)

■ The defendant argues that, even if the trial court was not apprised of the theory supporting the proposed manslaughter instructions, a new trial is required because his right to a fair trial was violated. *See State v. Frazier,* 81 Wn.2d 628, 503 P.2d 1073 (1972); *State v. Louie,* 68 Wn.2d 304, 413 P.2d 7 (1966). While there may be some merit in the argument that the absence of a manslaughter instruction violated the defendant's constitutional right, it is not necessary to reach this issue, and we choose to rest our decision on the adequacy of the exception taken by defendant's counsel. It has been often stated that the purpose of the rule in question (CrR 6.15(c)), is to afford the trial court an opportunity to correct any error. *Seattle v. Rainwater,* 86 Wn.2d 567, 571, 546 P.2d 450 (1976). We find that the exceptions taken by counsel adequately performed this function.

In its opinion, the Court of Appeals convincingly demonstrates the sufficiency of the exceptions:

Defendant sought an instruction to the effect that if the jury found defendant to be so intoxicated that he could not form a necessary intent, he must be acquitted. This instruction was refused by the trial court. Defendant further proposed an instruction on manslaughter to allow the jury to deliberate on whether a crime was committed and whether the crime was manslaughter. This instruction was also refused. Defendant then took exception to the failure to give an instruction relating to specific intent, stating that such was necessary in order for the defendant to present his theory of the case. Defendant further proposed instructions to the effect that if the jury could not find the necessary elements for first– or

second–degree murder, then they must determine whether the defendant is guilty of manslaughter, the lesser–included offense. In light of the intoxication instruction that was given, defendant's exceptions, taken together, are adequate to apprise the trial court of the issues and to preserve the error. *Cf. State v. Peterson,* 73 Wn.2d 303, 438 P.2d 183 (1968).

*State v. Colwash, supra* at 533.

Colwash further contends the trial court committed reversible error in giving instruction No. 12:

> You are instructed that if there exists in your mind a reasonable doubt as to which degree of crime the defendant is guilty, he shall be convicted only of the lower.

■ It is his contention this constitutes instructing the jury on a matter of fact in violation of Const. art. 4, § 16. As we have held in the past, jury instructions must be read as a whole. *State v. Alvis,* 70 Wn.2d 969, 425 P.2d 924 (1967). In a prior instruction, the court set out an extensive explanation of "reasonable doubt" and instructed the jury to find the defendant not guilty of any charge if a reasonable doubt exists. It further instructed the jury not to single out or place undue emphasis upon any instruction but rather to consider the instructions as a whole. We find no error in instruction No. 12 when read in conjunction with the other instructions given by the court.

■ Next, defendant challenges the constitutionality of instruction No. 9:

> When the felonious killing of a human being by another is proven beyond a reasonable doubt, the law presumes that such a killing constitutes Murder in the Second Degree. The burden is upon the state to raise the charge to Murder in the First Degree by proof beyond a reasonable doubt.

This court has recently considered the constitutionality of this instruction in *State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977). In *Roberts,* we held that this instruction constituted an impermissible shift of the burden of persuasion which relieved the State from proving every element of the crime beyond a reasonable doubt. Such a shift is a violation

of the due process clause of the Fourteenth Amendment. The instructions given at defendant's new trial must, accordingly, conform to that decision.

We have examined defendant's remaining assignments of error. We affirm the disposition made of those considered by the Court of Appeals, and find those not considered to be without merit. The conviction of Clyde Gus Colwash for second–degree murder is reversed, and the case is remanded for a new trial consistent with this opinion.

ROSELLINI, HAMILTON, and UTTER, JJ., concur.

STAFFORD, J. (concurring in the result)—As indicated by the majority, this court recently considered an instruction similar to instruction No. 9 given by the trial court. It was found constitutionally wanting. For that reason I agree a new trial must be ordered.

Nevertheless I do not agree with the majority's resolution of the manslaughter issue. At the time the trial court rejected defendant's manslaughter instruction, defense counsel failed to adequately inform the trial court of the reason for his objection. There being no compliance with CrR 6.15(c), the majority and the Court of Appeals should not have reversed the trial court on that ground. Rather than extend the length of my opinion, I shall adopt the well reasoned dissent of Judge Munson in the court below.

WRIGHT, C.J., and BRACHTENBACH and HOROWITZ, JJ., concur with STAFFORD, J.