[No. 44553. En Banc. September 8, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. ROGER ALLEN BLIGHT, *Appellant.*

*Michael A. Frost,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Douglas B. Whalley, Deputy,* for respondent.

STAFFORD, J.—Roger Blight was convicted of burglary in the second degree after a trial by jury. He appealed both the judgment and sentence to the Court of Appeals which certified the case to this court. We affirm.

The information alleged that appellant committed burglary in the second degree in the following manner:

He . . . on or about the 24th day of December, 1974, with intent to commit a crime therein, willfully, unlawfully and feloniously did enter the dwelling of Alice B. Blowers, said dwelling not owned or lawfully occupied by said defendant . . .

Appellant was found guilty as charged on June 27, 1975, and was sentenced on September 24, 1975. The prosecuting attorney, the defense counsel and the Department of Probation and Parole each submitted presentence reports to the trial judge. The prosecuting attorney recommended a 5–year deferred sentence with restitution for the damage done. The Department of Probation and Parole and defense counsel recommended a 2–year deferred sentence, restitution, and 90 days in the county jail or completion of a specific alcoholic inpatient treatment program. The trial judge rejected all of these recommendations and sentenced appellant to not more than 15 years in prison, the maximum penalty provided by statute for second–degree burglary. RCW 9.19.020.

Appellant does not question the sufficiency of the evidence. Rather, he challenges the sentencing process on the grounds that the trial court abused its discretion (1) by giving undue weight to appellant's record of arrests that had not resulted in convictions and (2) by allowing neither appellant nor his lawyer to rebut this record of arrests. Neither assignment of error is well taken.

■ Probation is not a matter of right. The determination of the question rests almost exclusively with the trial judge. *State v. Dainard,* 85 Wn.2d 624, 626, 537 P.2d 760 (1975); *State v. Williams,* 51 Wn.2d 182, 185, 316 P.2d 913 (1957). In reviewing the denial of probation, the question before this court is whether the trial judge abused his discretion. *State v. Dainard, supra* at 626.

■ Concerning alleged abuse of discretion, we said in *State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d 775 (1971):

Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. Where the decision or order of the trial court is a matter of discretion, it will not be disturbed on review except on a clear showing of abuse of

discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons. (Citations omitted.) *See also State v. Batten,* 16 Wn. App. 313, 314, 556 P.2d 551 (1976). In short, discretion is abused only where it can be said no reasonable man would take the view adopted by the trial court. *State v. Derefield,* 5 Wn. App. 798, 799–800, 491 P.2d 694 (1971); *State v. Hurst,* 5 Wn. App. 146, 148, 486 P.2d 1136 (1971).

■ In considering the various alternatives available in the sentencing process, a trial judge is not bound to follow the recommendation of a presentence report but may make whatever investigation he deems necessary. *State v. Dainard, supra* at 626; *State v. Williams, supra* at 185; *State v. Cohen,* 11 Wn.2d 203, 118 P.2d 959 (1941). He may consider prior offenses and other background information that might bear on leniency or severity of punishment. *State v. Sanders,* 7 Wn. App. 891, 896, 503 P.2d 467 (1972). In fact, the judge may obtain as much information as is available about the circumstances of the crime, the defendant's past life, and his personal characteristics. *State v. Buntain,* 11 Wn. App. 101, 106, 521 P.2d 752 (1974). To this end, the trial court may consider arrests that have not resulted in convictions. *State v. Dainard, supra* at 628; *accord, United States v. Weston,* 448 F.2d 626, 633 (9th Cir. 1971); *see also Williams v. New York,* 337 U.S. 241, 93 L. Ed. 1337, 69 S. Ct. 1079 (1949). It is also of interest that such arrest records have been considered among the relevant data to be evaluated in sentencing procedures according to a study made by the National College of the State Judiciary, G. Revelle, *Sentencing and Probation* 127 (1973).

Nevertheless, in the instant case the trial court did not base its sentence solely on a review of appellant's arrests that had not resulted in convictions. The 3–page arrest report included convictions on traffic charges (driving while intoxicated, hit and run, negligent driving, and driving without a valid operator's license), juvenile burglary, arson, morals offenses, and assault, as well as arrests. The trial

judge also read the Department of Probation and Parole's presentence report three times and commented on defendant's extreme alcohol problem, history of rehabilitative "program–hopping", incredible record of failure in alcohol and drug treatment programs, and unwillingness or inability to cooperate with the presentence investigators. After considering all of the foregoing, the court concluded that there was "no motivation or purpose on your part to try to correct these unfortunate characteristics that you have developed over the years" and sentenced appellant. The trial court did not abuse its discretion in pronouncing sentence.

Turning next to the claim that neither appellant nor his lawyer were permitted to rebut his record of arrests, CrR 7.2(c) requires the trial court to "afford the defendant or his counsel an opportunity for comment or rebuttal." Defense counsel had received a copy of the Department of Probation and Parole report prior to sentencing. At the time of sentencing he addressed the court at length about his own recommendation but in essence concurred in the recommendation of the Department. Similarly, defendant was given an opportunity to address the court and dispute the accuracy of the report. It is clear that both defendant and his attorney were given sufficient time and opportunity to comment on the record of arrests, and, therefore, appellant's contention is without merit.

Appellant also assigns error to the trial court's instruction No. 8 which reads:

> Every person who shall unlawfully enter any dwelling house shall be deemed to have entered the same with intent to commit a crime therein, unless such unlawful entering shall be explained by testimony satisfactory to the jury to have been made without criminal intent.

This instruction is based upon RCW 9.19.030.[1]

---

[1] RCW 9.19.030 was repealed in 1975 and replaced by RCW 9A.52.040. The presumption of intent to commit a crime arising from the fact of unlawful entry was replaced by an inference of such intent in the new statute, which went into effect on July 1, 1976.

Appellant contends that assuming he entered the Blowers' home unlawfully, the instruction imposed upon him a statutory presumption of an "intent to commit a crime therein," and required him to prove his lack of intent to commit a crime. Thus, he asserts, the instruction shifted the burden of proof concerning intent from the State to the defendant. Appellant argues that the instruction denied him constitutional due process protections which mandate that the State have the burden of proving every element of the crime beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). We do not agree.

First, we note that the instruction appellant proposed in lieu of the court's instruction does not rectify the claimed due process error. Appellant's proposed instruction changes the second part of instruction No. 8 only to the extent that the defendant is required to explain his unlawful entry "by testimony which creates a reasonable doubt in the mind of the jury with regard to defendant's intent at the time he entered the premises" rather than "by testimony satisfactory to the jury to have been made without criminal intent." Appellant's proposed instruction does not return the burden of proof of intent to the State; instead, it merely reduces the quantum of proof required for the defendant to prove lack of intent. The suggested change is inconsistent with appellant's due process argument and subject to the same vice to which he objects. Further, appellant proposed no changes to and did not except to the first part of instruction No. 8, which sets up the statutory presumption he is now challenging.

■ Ordinarily, exceptions to the failure of a trial court to give an instruction must clearly apprise the trial judge of the points of law involved. *Seattle v. Rainwater,* 86 Wn.2d 567, 571, 546 P.2d 450 (1976). The purpose of this rule is to give the trial court an opportunity to clearly understand the nature of the exception and correct errors if any. *State v. Scherer,* 77 Wn.2d 345, 352, 462 P.2d 549 (1960); *State v. Louie,* 68 Wn.2d 304, 311–12, 413 P.2d 7 (1966). Although

appellant informed the trial judge of the rule of law involved, his proposed instruction neither cured the alleged error nor conformed to the substance of his own argument. Therefore, appellant has not properly claimed or preserved his assignment of error. Nevertheless, an instruction which involves a fundamental constitutional right will be reviewed by this court even though error has not been properly preserved at the trial level. *State v. Peterson,* 73 Wn.2d 303, 306, 483 P.2d 183 (1968); *State v. Case,* 49 Wn.2d 66, 76, 298 P.2d 500 (1956); *see also State v. McHenry,* 88 Wn.2d 211, 558 P.2d 188 (1977); *State v. Robinson,* 78 Wn.2d 479, 480–81, 475 P.2d 560 (1970).

In this regard, appellant argues that RCW 9.19.030 is unconstitutional on its face and that instruction No. 8 based thereon was likewise invalid. We do not agree.

■ In a series of cases we have recognized that criminal statutory presumptions which supply some proof of the element of a crime *may* operate to shift the burden of proof from the State to the defendant and thus deny him due process of law. We also have said that a statutory presumption will be deemed unconstitutional if the State does not retain the burden of proving, beyond a reasonable doubt, all elements of the crime. Consequently, we have held that to meet the test of constitutionality the presumed fact must flow beyond a reasonable doubt from the proven fact upon which it is made to depend. *State v. Odom,* 83 Wn.2d 541, 548, 520 P.2d 152 (1974). In *Odom* we held the presumption of intent to commit a crime of violence did not flow beyond a reasonable doubt from the proven fact of possessing an unlicensed pistol. Similarly in *State v. Rogers,* 83 Wn.2d 553, 520 P.2d 159 (1974) we held a specific intent to commit murder did not flow beyond a reasonable doubt from the proven fact that the defendant was armed with an unlicensed handgun. *State v. Kroll,* 87 Wn.2d 829, 558 P.2d 173 (1976) rejected as unconstitutional the concept that a killing proven beyond a reasonable doubt is presumed to be murder in the second degree and a defendant has the burden of producing evidence that would

reduce it to manslaughter. *See also State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977), as well as *State v. Alcantara,* 87 Wn.2d 393, 552 P.2d 1049 (1976) in which we rejected a statutory presumption of larceny on the part of one who refused or willfully neglected to return a rented or leased piece of machinery.

Nevertheless, in none of the cases cited above have we held that statutory or judicial presumptions are ipso facto unconstitutional. *See State v. Roberts, supra* at 341. Rather, we have proceeded on a case–by–case basis, considering the manner in which each presumption encroaches upon a defendant's due process rights under the facts of the particular case. This is necessary because not every presumption affects due process rights in the same way. The variances in the "due process" impact may be caused by the nature of the presumption. Even different facts may have an impact upon our announced general rule.

The instant case is such an example. The statutory presumption is not unconstitutional on its face as a matter of law. Given the proper timing, circumstances, or manner of entry, the presumed facts (*i.e.,* intent to commit a crime in the dwelling) can flow beyond a reasonable doubt from the proven fact upon which it is made to depend (*i.e.,* unlawfully entering the dwelling of another).

Therefore, we must look to the facts surrounding appellant's entry into the Blowers' residence. A cursory review of appellant's opening brief and his "additional" opening brief might leave the impression that they set forth operative facts pertaining to the alleged burglary. But, careful scrutiny reveals that the so–called "facts" were not obtained from the statement of facts. Rather, they were derived from the clerk's transcript and, for the most part, from a section of an attached presentence report of the Department of Social and Health Services entitled "Defendant's Version of Offense." This is not evidence that was considered on the merits by either the jury or the court. It is not verified or sworn to by anyone and has not been certified by the court as to its authenticity. It is not a substitute for evidence

contained in a statement of facts certified by the trial judge as to its accuracy.

Even depositions, affidavits and other evidence attached to a clerk's transcript will not be considered by us unless they have been certified by a trial judge so as to be a part of the record. *State v. Greco,* 52 Wn.2d 265, 324 P.2d 1086 (1958); *Wheeler v. Wheeler,* 37 Wn.2d 159, 222 P.2d 400 (1950); *In re Estate of Marshall,* 35 Wn.2d 178, 211 P.2d 721 (1949); *Puget Sound Bulb Exch. v. St. Paul Fire & Marine Ins. Co.,* 174 Wash. 691, 26 P.2d 84 (1933); *see also Talps v. Arreola,* 83 Wn.2d 655, 521 P.2d 206 (1974); *Chaffee v. Chaffee,* 19 Wn.2d 607, 145 P.2d 244 (1943). We may not speculate upon the existence of facts that do not appear in the record. *Falcone v. Perry,* 68 Wn.2d 909, 915, 416 P.2d 690 (1966).

Turning to the statement of facts actually certified by the trial judge, we find it has been prepared in two parts. The first, consisting of 20 pages, is directed solely at what transpired *on the date of sentencing.* It is composed only of colloquy among the court, defense counsel, defendant, and the prosecuting attorney, and pertains in no way to testimony or other evidence taken at trial. The second part consists of 19 pages. It is limited to testimony by appellant's mother concerning her knowledge of appellant's acquaintance with the daughter of Mrs. Blowers, defense counsel's exceptions to the trial court's instructions, and the instructions to the jury. This, like the prior statement of facts, pertains in no way to testimony or other factual evidence surrounding the alleged burglary.

In short, appellant has presented us with a record that is insufficient for our review of his last assignment of error. We are not informed of any of the events surrounding the crime for which defendant was sentenced. We cannot determine what defendant did just before the alleged entry, how he made entry, or, for that matter, whether he entered at all. We do not know what occurred during or after entry, and we do not know the position of either the

State or of appellant on any of these matters. The inadequacy of the record, including the statement of facts, makes it impossible for us to determine whether the statutory presumption, as applied to the facts of this case, was constitutional, unconstitutional, or even harmless error, which we recognized in *State v. Odom, supra* at 550; *State v. Rogers, supra* at 557; and *State v. Kroll, supra* at 840. *See also Schneble v. Florida,* 405 U.S. 427, 31 L. Ed. 2d 340, 92 S. Ct. 1056 (1972), and *Chapman v. California,* 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824, 24 A.L.R.3d 1065 (1967); *State v. Livengood,* 14 Wn. App. 203, 540 P.2d 480 (1975).

There being no basis on which to consider appellant's last assignment of error, we affirm the trial court.

WRIGHT, C.J., and ROSELLINI, HAMILTON, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.

UTTER, J. (concurring)—I concur in the holding of the majority opinion on its stated ground that "appellant has presented us with a record that is insufficient for our review . . ." This is the only ground stated necessary to the holding in the case. The recent case of *Hankerson v. North Carolina,* 432 U.S. 233, 53 L. Ed. 2d 306, 97 S. Ct. 2339 (1977), reaffirms the vitality of *Mullaney v. Wilbur,* 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975) in its holding that due process requires the prosecutor to convince the fact finder in a criminal case beyond a reasonable doubt as to all elements of the crime charged. It applies that rule retroactively, stating at page 242, the *Mullaney* rule, like that in *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970), "was designed to diminish the probability that an innocent person would be convicted and thus to overcome an aspect of a criminal trial that 'substantially impairs the truth–finding function.'"

Petition for rehearing denied November 30, 1977.