[Crim. No. 2891. Third Dist. Nov. 26, 1958.]

THE PEOPLE, Respondent, v. JAMES WILSON HICKS, Appellant.

Charles J. Miller, under appointment by the District Court of Appeal, for Appellant.

No appearance for Respondent.

VAN DYKE, P. J.—This is an appeal from a judgment by the court sitting without a jury. Appellant was charged by information with the crime of violation of section 11500 of the Health and Safety Code, possession of narcotics. The trial court found him guilty of having in his possession a narcotic drug known as amidone. Appellant's contentions are that

certain evidence upon which the conviction was based was obtained by illegal search and seizure and that reversible error was committed when the court refused to compel disclosure of an informer's identity.

The first witness for the People was a chemist who testified that in an envelope presented to him there was, among other articles, a white powdery substance which on analysis proved to be amidone. The envelope and contents were marked for identification as People's Exhibit No. 1. The next witness was a State Narcotic Inspector, a Mr. Jerome Murphy. He testified as follows: On February 25, 1958, he saw appellant in Room No. 9 in the Odeon Hotel in Sacramento. He and a fellow officer searched appellant and his room but found nothing tending to show possession of narcotics. They placed appellant under arrest and took him to the hotel manager's office. There it developed that on the same floor on which appellant's room was located, there was a large closet or storage room, and that appellant had a key to it. The manager was asked to admit the officers to this room and went toward the room with Murphy's companion. Appellant then made a statement to Murphy. When Murphy's testimony had gone this far, appellant's counsel asked permission to cross-examine before Murphy told what appellant had said. On cross-examination it developed the officers had no warrant to arrest appellant. Counsel then objected to proof of the statements, asserting as grounds for his objection that statements made while appellant was detained under unlawful arrest were not admissible in evidence. ■ Assuming the arrest unlawful, the statements, if voluntary, were admissible. (*Rogers* v. *Superior Court*, 46 Cal.2d 3, 10-11 [291 P.2d 929].) Other than the detention under the alleged unlawful arrest, there was nothing in the evidence from which there could be inferred anything but a voluntary statement. The direct examination then continued and Murphy testified that he and appellant followed the others toward Room 13 and appellant said: "Yes, I have some H in the room. I have about 4 capsules for my own use." When they were in front of the door to Room Number 13, the door was found to be locked, but at that point appellant said the key was in a drawer in his room. The other officer then went to Room Number 9, obtained the key, came back and opened Room Number 13. Thereupon appellant said, "I will show you where it is," and pointed to a box which contained the articles making up Exhibit No. 1. ■ At the close of the People's evidence, Exhibit No. 1 was offered in

evidence. Counsel for appellant said, "I object to it," but stated no specific ground for his objection. The objection was properly overruled. There was no showing that appellant had exclusive control over Room 13, and the plain effect of the evidence is that the manager could and did authorize the entry and search. (*People* v. *Gorg*, 45 Cal.2d 776, 783 [291 P.2d 469].) Appellant made no objection and directed the officer to the place where the narcotic was kept. The court admitted the exhibit in evidence and the People rested. Appellant then took the stand in his own defense. He testified as follows: When the officers searched his own room in the hotel, Room Number 9, they found nothing. They took him down to the hotel office, where the landlord said: "Did you bring your key down from the closet?" He replied he had not. An officer then asked him if he had another room. The landlord then asked what room they were talking about and the officer said, "The closet." The landlord then said that appellant had had the key to the closet that morning. Appellant was taken back upstairs, the key was obtained from appellant's room and the closet or storage room was unlocked. The narcotic was found and appellant was taken away. Appellant denied that he had told the officers he had narcotics in the storeroom or that any narcotic there was for his use or that he was selling it. He said he had nothing to do with the narcotic they found. No other evidence was offered by appellant, but when appellant had concluded Officer Murphy was, by appellant's counsel, recalled for further cross- examination. During that cross-examination, and for the first time, it was developed that an informer had told him appellant had narcotics and that they were not in appellant's room, but in some other room in the same hotel. The witness was then asked who gave him the information and he refused to divulge the name of the informer upon the ground that it was matter that was privileged. The court sustained the objection on that ground.

It appears from the record that the entire case for the prosecution was made without mention of anything having been done upon information given the officers by an informer. Nevertheless, appellant contends that the refusal to furnish him with the identity of the informer was reversible error. ■ Information elicited from a nonparticipating informer may be relevant and helpful to the defense of the accused or essential to a fair determination of a cause,

but ordinarily the identity of such an informer is not necessary to defendant's case and privilege against nondisclosure properly applies. (*People* v. *McShane*, 50 Cal.2d 802, headnotes 8 and 9 [330 P.2d 33].) ■ When it appears from the evidence that an informer is a material witness on the issue of guilt, his identity is relevant and may be helpful to defendant and nondisclosure in such a case would deprive the defendant of a fair trial. Under such circumstances the People must either disclose identity or incur a dismissal. (*Id.* headnotes 10 and 11.) ■ We think the rule requiring disclosure of the identity of an informer has no application in this case. The People in proving the case against appellant neither relied upon nor placed in evidence any information given them by the informer. No mention was made of an informer, nor was there any reference to events participated in by the informer. The informer was not a material witness to any event, action or matter described or referred to by any witness. Even the fact that there had been an informer was brought out, after the case was in for both sides, by cross-examination of a witness who on direct examination had never mentioned the existence of an informer. The situation was not one where disclosure of the informer's identity could in any way have aided the appellant. The trial court, therefore, correctly ruled that the privilege of nondisclosure existed and had not in any way been waived by the People.

The judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 21, 1959.