[No. 261-41544-2.    Division Two.    April 9, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. HOWARD D. MATHEWS, *Appellant*.

*D. L. Donaldson* (of *Walstead, Mertsching, Husemoen & Donaldson*), for appellant (appointed counsel for appeal).

*Henry R. Dunn, Prosecuting Attorney,* for respondent.

ARMSTRONG, J.—Defendant, Howard D. Mathews, was found guilty by a jury, of possession of heroin, a narcotic drug, and grand larceny. He appeals from the judgment entered upon the jury verdict.

Defendant's counsel concedes that any appeal from the grand larceny conviction would be frivolous and without merit. In accordance with *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), he discusses the two matters which might arguably support an appeal. We have reviewed the record and agree that no meritorious issues are presented in the record as to the grand larceny conviction. *See State v. Mathews,* 4 Wn. App. 506, 482 P.2d 812 (1971), a companion case involving the same crime and the same legal issues as to the grand larceny count.

Since the heroin was not found on the person of the defendant, the sole issue in this appeal is whether the defendant had constructive possession of the heroin. This re-

quires a determination of whether he exercised dominion and control over that part of the automobile in which the heroin was found. *See State v. Potts,* 1 Wn. App. 614, 464 P.2d 742 (1969).

On the date of the arrest, the defendant and his brother were at a house in Portland, Oregon, where heroin was sold. The defendant testified that he purchased a bag of heroin and injected the contents into his veins. While at this residence the defendant met David and Angela Domeier, with whom he had been acquainted. The Domeiers bought several balloon bags of heroin and "shot up."

The Domeiers then asked the defendant and his brother if they would accompany them on a trip to the state of Washington. Although the testimony as to the purpose of the trip was in conflict, David Domeier testified that it was understood they were driving to Washington to "make money." All four left in David Domeier's automobile, the Domeiers occupying the front seat and the Mathews brothers in the back seat, with Howard seated on the right side.

Their trip eventually brought them to Sinnett's Thriftway grocery store in Longview, Washington. David Domeier "tapped" the till of an unattended check stand while the other three served as "blockers" by diverting the attention of the only clerk on duty at the moment. After the "till tapping" was discovered, the four were apprehended by the police. The Domeier car was stopped and a police officer asked the suspects to follow him to the Longview Police Station.

At the station, all four suspects were interrogated about the "till tap." David Domeier gave the officers permission to search his automobile. The officers found a small paper package containing a balloon capsule filled with heroin underneath the carpet near the right back seat of the car. In an empty space beneath the right back seat, the officers also found a brown paper bag containing a number of syringes and two small balloons containing methapyrilene and lactose, two adulterants for diluting heroin before it is injected into the veins. The right back seat of the car had

been occupied by the defendant since the foursome had left Portland.

Before trial the Domeiers pleaded guilty to both the grand larceny and possession of narcotics charges. Both Howard and Hubert Mathews were charged with grand larceny and possession of narcotics. However, at the trial, the trial court instructed the jury to return a verdict of not guilty in favor of Hubert B. Mathews as to the possession of narcotics charge.

We shall first consider the law relating to possession of narcotic drugs. Possession of narcotic drugs may be either actual or constructive. Actual possession is proved when the drugs are found to be in the actual, physical custody of the person charged with possession. Constructive possession is proved when the person charged with possession has dominion and control over either the drugs or the premises upon which the drugs were found. *State v. Callahan*, 77 Wn.2d 27, 459 P.2d 400 (1969).

In *State v. Potts, supra,* we held that an automobile may be considered a "premises" for the purpose of determining whether the defendant exercised dominion and control over the premises where the narcotic drugs were found. Whether a passenger's occupancy of a particular part of an automobile would constitute dominion and control of either the drugs or the area in which they are found would depend upon the particular facts in each case. Mere proximity to the drugs is not enough to establish constructive possession—it must be established that the defendant exercised dominion and control over either the drugs or the area in which they were found.

Turning now to the evidence on the issue of defendant's constructive possession of the narcotic drug heroin, we see that

(1) Defendant was a known heroin user. His addiction required that he use about three bags of heroin a day. (The Domeiers were heavier users of heroin.)

(2) Defendant had purchased heroin before starting out on the trip to Longview, and had used some that same day.

(Defendant said he used the heroin purchased before he left the house in Portland.)

(3) The officers found a small paper bag containing a balloon capsule filled with heroin in the back seat underneath the carpet, near the right front seat of the car. (The jury could have found that experienced heroin users, such as the Domeiers were, would not hide their heroin within ready access of a known user of heroin.)

(4) The Domeiers testified that the heroin found under the carpet in the right back seat did not belong to them and they did not know that it was there.

(5) Mrs. Domeier said she threw their equipment out the window on the way to the police station. (Defendant denied that she did this and the police officer following their car did not observe her do it.)

(6) A nylon stocking of the type commonly used by heroin addicts for tying around the arm to raise the blood veins prior to injecting the heroin was found in the defendant's coat pocket.

(7) A bag containing paraphernalia commonly used by addicts was found beneath the right back seat occupied by the defendant.

(8) Defendant's brother, Hubert, who occupied the left back seat did not use heroin.

■ Defendant contends there was not substantial evidence, either direct or circumstantial, to establish that defendant was in constructive possession of the narcotic drug heroin, because it was not established that defendant was in dominion or control of either the drug or the area in which it was found. We agree that there was not sufficient direct evidence to establish constructive possession, but we do not agree that there was not substantial circumstantial evidence. The governing rule on this point is clearly and succinctly stated in *State v. Green*, 2 Wn. App. 57, 70, 466 P.2d 193 (1970).

> Although the circumstantial evidence in the case must be consistent with the hypothesis that the accused is guilty, and inconsistent with any reasonable hypothesis or theory of his innocence, whether or not the circum-

stantial evidence excludes every reasonable hypothesis consistent with the appellant's innocence is a determination properly made by the trier of the facts. This court's only function on appeal is to determine if there is substantial evidence in the record tending to establish circumstances upon which a finding of guilt can be predicated.

(Citations omitted.)

We find substantial evidence in the record establishing circumstances which would justify a finding that defendant was in constructive possession of the narcotic drug heroin because he exercised dominion and control of the area in which the heroin was found. Our decision should not be construed as establishing a rule that a passenger seated in proximity to concealed narcotic drugs in an automobile is deemed to be in constructive possession of the drugs. However, that proximity coupled with the other circumstances linking him to the heroin was sufficient to create an issue of fact on constructive possession.

█ Once possession of a narcotic drug has been established, the burden shifts to the defendant to explain away the possession as unwitting, lawful or otherwise excusable. *State v. Morris*, 70 Wn.2d 27, 422 P.2d 27 (1966). That, too, is a question for the jury.

Judgment affirmed.

PETRIE, C.J., and PEARSON, J., concur.