[No. 1208-3.   Division Three.   December 1, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE TALLEY, *Appellant.*

*Porter, Schwab & Royal* and *Robert B. Royal*, for appellant (appointed counsel for appeal).

*Donald R. Shaw, Special Prosecuting Attorney,* for respondent.

[As amended by order of the Court of Appeals December 8, 1975.]

MUNSON, J.—Defendant appeals from a conviction of unlawful possession of heroin.

Defendant contends the court erred: (1) in submitting the case to the jury in the absence of substantial evidence that defendant was in constructive possession of heroin; (2) in failing to suppress the heroin obtained as a result of an illegal search of the curtilage of the defendant's apartment; (3) in failing to grant the defendant's motion for a continuance, or in the alternative, for a change of venue based upon pretrial publicity; and (4) in permitting the investigating officers to testify, in that the content of their testimony was the product of an illegal search of the defendant's apartment.

We find the defendant's first three contentions to be without merit. However, the fourth contention necessitates a remand to the trial court for a determination of a factual issue necessary to the dispensation of a constitutional issue.

On the evening of March 14, 1974, two officers of the

Yakima Police Department were conducting a surveillance of the apartment building in which the defendant resided. At approximately 10 p.m., one of the officers observed the defendant, whose identity was known to both of the officers, leave his apartment, look in both directions, and descend a stairway to the ground level. The defendant walked around the corner of the building, across the apartment parking lot to a gravel strip abutting the apartment building, knelt on the ground and dug with his hands in the gravel area. The officer was unable to determine whether the defendant placed anything in or took anything out of the hole. Defendant departed.

The officers maintained their vantage point for approximately 1 hour before proceeding onto the property to examine the place where the defendant had been digging. They dug and discovered a plastic sack containing a substance they believed to be heroin. The sack also contained several small pieces of cut notebook paper. They covered the hole, returned to the police station, tested the substance and concluded it was heroin.

It was now about 2 a.m. They returned to the apartment building, without obtaining a warrant, found the hole reexcavated and dirt scattered about the area. The officers went to the defendant's apartment. The outer door was partially open; they entered, but found no one in the immediate area. While there, they observed on a coffee table dirt of a similar color and consistency as that found in the hole outside the building and a small notebook in which several corners of the pages had been cut off. The defendant was not found within the apartment; the officers departed, taking nothing from the apartment. Later, the defendant was arrested. At trial, the officers testified as to the presence of the dirt and notebook within the defendant's apartment.

1

Defendant contends that there was insufficient evidence of constructive possession to submit the case to the jury. We disagree. As set forth in *State v. Sanders*, 7 Wn. App. 891, 892, 503 P.2d 467 (1972):

Possession of narcotic drugs may be either actual or constructive. *State v. Mathews,* 4 Wn. App. 653, 484 P.2d 942 (1971); *State v. Cabigas,* 3 Wn. App. 740, 477 P.2d 648 (1970). Constructive possession is proved when the person charged with possession had dominion and control of either the drugs or the premises upon which the drugs were found. *State v. Mathews, supra.* Even though there is not sufficient direct evidence to establish constructive possession such may be proved by substantial circumstantial evidence.

*See also State v. Green,* 2 Wn. App. 57, 70, 466 P.2d 193 (1970). The identity of defendant was known to the officers prior to their observation of the defendant. His leaving the apartment, walking directly to and digging a hole at the location where the officers found the heroin, is evidence that he was exercising dominion and control over whatever contents the hole may have contained. The circumstances provided substantial evidence from which the jury could conclude that the defendant was exercising dominion and control over the heroin found by the officers.

2

Defendant contends the trial court erred in failing to suppress the evidence obtained from a search of the ground area outside of the apartment building. We disagree.

The area subject to the search was not reserved for the exclusive use of the defendant, but was available commonly to all tenants of the premises. The managing agent of the apartment building testified he had consented to the surveillance of the property and to the officers' presence on the premises, and further informed the officers that he desired them to perform whatever acts were necessary to prevent the illicit use of drugs on the premises.

Where individuals have equal rights to access and use of common areas upon the premises, one assumes the risk that a search of such area may be consented to by an individual having equal authority over the common area.

[W]hen the prosecution seeks to justify a warrantless search by proof of voluntary consent, it is not limited to proof that consent was given by the defendant, but may

show that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effect sought to be inspected.[7]

[7]Common authority is, of course, not to be implied from the mere property interest a third party has in the property. The authority which justifies the third-party consent does not rest upon the law of property, with its attendant historical and legal refinements, see *Chapman v. United States*, 365 U. S. 610 (1961) (landlord could not validly consent to the search of a house he had rented to another), *Stoner v. California*, 376 U. S. 483 (1964) (night hotel clerk could not validly consent to search of customer's room) but rests rather on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched.

*United States v. Matlock*, 415 U.S. 164, 171, 39 L. Ed. 2d 242, 94 S. Ct. 988, 993 (1974); *State v. Bellows*, 72 Wn.2d 264, 432 P.2d 654 (1967); *State v. Smith*, 12 Wn. App. 720, 724, 531 P.2d 843 (1975); *State v. Edwards*, 5 Wn. App. 852, 854, 490 P.2d 1337 (1971); *State v. Breckenridge*, 4 Wn. App. 328, 330, 481 P.2d 26 (1971); *People v. Hicks*, 165 Cal. App. 2d 548, 331 P.2d 1003 (1958); *Commonwealth v. Connolly*, 356 Mass. 617, 255 N.E.2d 191 (1970). We find the manager of the apartment, having consented to the officers' presence upon the premises and having informed the officers that they were entitled to utilize the premises in whatever manner they felt necessary, resulted in a consensual search of the property outside the building. We find no error.

3

██ The defendant contends that the court erred in failing to grant either a continuance or a change of venue based upon news publicity; the press reported the bombing death of Judge James Lawless, which occurred during the defendant's trial, speculating it may have had some connec-

tion with recent drug cases arising in the Benton-Franklin County area. Granting of either is a matter within the sound discretion of the trial court. *State v. Braun*, 82 Wn.2d 157, 509 P.2d 742 (1973). Counsel was given an opportunity to question the jury in regard to this publicity and elected not to do so. There is no evidence the jurors were in any way prejudiced by that tragic incident. *Cf. State v. Crudup*, 11 Wn. App. 583, 524 P.2d 479 (1974).

We find that the trial court did not abuse its discretion in failing to grant either a change of venue or a continuance.

### 4

Lastly, defendant contends for the first time that the testimony of the officers regarding the presence of the dirt and notebook within the defendant's apartment should have been suppressed as the product of an illegal entry.[1]

Generally, issues raised for the first time on appeal are not subject to review. However, constitutional issues may be so raised. *State v. Lampshire*, 74 Wn.2d 888, 893, 447 P.2d 727 (1968); *State v. Vining*, 2 Wn. App. 802, 472 P.2d 564 (1970); *cf. State v. Richard*, 4 Wn. App. 415, 427, 482 P.2d 343 (1971).

RCW 10.31.040 provides:

> To make an arrest in criminal actions, the officer may break open any outer or inner door, or windows of a dwelling house or other building, or any other inclosure, if, after notice of his office and purpose, he be refused admittance.

The statute does not differentiate between an arrest

---

[1]The officers' testimony at the time of trial constitutes a matter subject to suppression should the entry be found to be illegal. *Wong Sun v. United States*, 371 U.S. 471, 485, 9 L. Ed. 2d 441, 83 S. Ct. 407, 416 (1963):

> It follows from our holding in *Silverman* v. *United States*, 365 U. S. 505, that the Fourth Amendment may protect against the overhearing of verbal statements as well as against the more traditional seizure of "paper and effects." *Similarly, testimony as to matters observed during an unlawful invasion has been excluded in order to enforce the basic constitutional policies. McGinnis* v. *United States*, 227 F.2d 598.

(Italics ours.)

made pursuant to a warrant or an arrest made without a warrant based on probable cause. Because defense counsel did not raise the issue at trial, the record fails to evidence whether the officers complied, or failed to comply, with the requirements of RCW 10.31.040.

This issue requires a factual determination necessitating a remand of this case to the Superior Court for a determination as to whether there was a compliance with the requirements of RCW 10.31.040. *State v. Richard, supra.*

Once challenged, a warrantless entry requires that the state bear the burden of demonstrating the officers were lawfully present upon the premises. *State v. Sanders,* 8 Wn. App. 306, 309, 506 P.2d 892 (1973).[2] The issue having been raised, the State must demonstrate the officers' entry into the premises was either pursuant to the provisions of RCW 10.31.040, or, in the alternative, there existed exigent circumstances negating the officers' duty to comply with the provisions of RCW 10.31.040. *State v. Harris,* 12 Wn. App. 481, 530 P.2d 646 (1975); *State v. Lowrie,* 12 Wn. App. 155, 528 P.2d 1010 (1974); *State v. Dugger,* 12 Wn. App. 74, 528 P.2d 274 (1974); *State v. Johnson,* 11 Wn. App. 311, 522 P.2d 1179 (1974); *State v. Neff,* 10 Wn. App. 713, 519 P.2d 1328 (1974); *Coleman v. Reilly,* 8 Wn. App. 684, 508 P.2d 1035 (1973); *State v. Sanders, supra.*

The State's contention that the officers' entry into the premises through an open door negated the necessity of compliance with the provisions of RCW 10.31.040, is without merit. *State v. Miller,* 7 Wn. App. 414, 499 P.2d 241 (1972). Likewise, the position that the officers' entry was

---

[2] Subject only to a few exceptions, a search without a warrant is per se unreasonable under the Fourth Amendment. *Katz v. United States,* 389 U.S. 347, 357, 19 L. Ed. 2d 576, 88 S. Ct. 507 (1967). "The exceptions are 'jealously and carefully drawn,' and there must be 'a showing by those who seek exemption . . . that the exigencies of the situation made that course imperative.' '[T]he burden is on those seeking the exemption to show the need for it.'" (Footnotes omitted.) *Coolidge v. New Hampshire,* 403 U.S. 443, 455, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971).

*See also State v. Campbell,* 13 Wn. App. 722, 537 P.2d 1067 (1975); *State v. Coburne,* 10 Wn. App. 298, 518 P.2d 747 (1973).

491

incident to a lawful arrest is without merit. There was no arrest of the defendant at the time of entry into the premises. A warrantless search incident to a lawful arrest must be contemporaneous with the arrest and must not go beyond the scope of the premises immediately under the control of the defendant. *Chimel v. California*, 395 U.S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034 (1969).

The judgment of the trial court is affirmed as to the defendant's first three contentions; as to the search, this case is reversed for a factual determination consistent with this opinion. If the court concludes the entry was illegal, defendant is entitled to a new trial; if the court concludes the entry was proper, a record of the hearing shall be furnished, at public expense, and certified to this court for consideration and review.

MCINTURFF, C.J., and GREEN, J., concur.