IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31419-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MIGUEL FARIAS AMEZOLA, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Miguel Amezola agreed to a stipulated facts trial and was found guilty of unlawful possession of a controlled substance and alien in possession of a firearm. On appeal, he contends that the evidence was insufficient to support his convictions. He also challenges the imposition of a $600 domestic violence penalty assessment. We affirm the convictions, but remand to remove the $600 domestic violence penalty assessment.

## FACTS

After a white crystalline substance was found in a car Mr. Amezola was driving, Benton County charged Mr. Amezola with one count of unlawful possession of a

controlled substance and one count of alien in possession of a firearm. A bench trial was held. Mr. Amezola stipulated to the following facts:

A Richland police officer stopped a car driven by Mr. Amezola. The car had different front and rear license plates, and both license plates were registered to other cars. No other people were in the car.

Mr. Amezola said that his name was Jose Ramos, born November 15, 1970. He told the officer that he did not have an identification card or a driver's license. The officer did not find a computer record for this name. The officer arrested Mr. Amezola for driving without a valid operator's license.

The officer searched Mr. Amezola incident to arrest and found a pill bottle and a wallet in Mr. Amezola's pants pockets. Identification inside the wallet had Mr. Amezola's name, born November 15, 1972. The officer found a computer record for Mr. Amezola. Mr. Amezola admitted his identity and agreed to speak to the officer. Mr. Amezola told the officer that he borrowed the car from a friend. He said that he did not know that the license plates on the car belonged to other cars. The officer also found in the wallet a social security card for Jose Ramos. Mr. Amezola said he used the card to get work in the United States.

The officer saw that the car's ignition was punched out. Also, on the driver's side floor board, the officer saw a glass pipe with burnt residue. Mr. Amezola told the officer that his fingerprints may be on the pipe because he moved some CDs around and he might have accidentally touched the pipe.

Mr. Amezola was arrested and booked into the Benton County Jail. The car he was driving was impounded and towed. Police obtained a search warrant for the car. During execution of the warrant, police found several glass pipes, a plastic container holding a white crystal substance, a gun cleaning rod, ammunition, and a firearm. The white crystal material was tested and found to contain methamphetamine, a controlled substance. Mr. Amezola, who is not a United States citizen, did not provide a permit for the firearm.

Based on these stipulated facts, the trial court found Mr. Amezola guilty of possession of a controlled substance, methamphetamine, and alien in possession of a firearm. Included in Mr. Amezola's judgment and sentence was a $600 domestic violence assessment.

## ANALYSIS

*Sufficiency of Evidence—Possession of a Controlled Substance.* Evidence is sufficient to support a conviction if any rational trier of fact could have found the

3

essential elements of the crime beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). When the sufficiency of the evidence is challenged in a criminal case, all reasonable inferences from the evidence must be drawn in favor of the State. *Id.*

Mr. Amezola contends that the State failed to prove that the white crystalline substance in the container was methamphetamine. Relying on *State v. Colquitt*, 133 Wn. App. 789, 137 P.3d 892 (2006), Mr. Amezola contends that the field test conducted by the officer was not sufficient evidence to establish the substance was methamphetamine, absent other supporting evidence such as a laboratory report.

To convict Mr. Amezola of the offense of possession of a controlled substance, methamphetamine, the State must prove the fact of possession and the nature of the substance. RCW 69.50.401; RCW 69.50.4013(1). Mr. Amezola's argument addresses the latter element only.

"A stipulated facts trial is still a trial of a defendant's guilt or innocence." *State v. Mierz*, 127 Wn.2d 460, 469, 901 P.2d 286 (1995). The burden of proof remains on the State. *State v. Johnson*, 104 Wn.2d 338, 342, 705 P.2d 773 (1985). The defendant is not precluded from offering evidence or cross-examining witnesses, but stipulates to the

4

evidence presented by the State. *Id.* at 342-43. The stipulation serves as an agreement by the defendant "that if the State's witnesses were called, they would testify in accordance with the summary presented by the prosecutor." *State v. Wiley*, 26 Wn. App. 422, 425, 613 P.2d 549 (1980). A stipulation to facts is an express waiver conceding for the purpose of the trial that the facts are true and there is no need to prove the facts. *State v. Wolf*, 134 Wn. App. 196, 199, 139 P.3d 414 (2006) (quoting *Key Design, Inc. v. Moser*, 138 Wn.2d 875, 893-94, 983 P.2d 653 (1999)).

Under the invited error doctrine, a party cannot set up an error at trial and then complain of the same error on appeal. *State v. Ellison*, 172 Wn. App. 710, 715, 291 P.3d 921 (2013) (quoting *State v. Pam*, 101 Wn.2d 507, 511, 680 P.2d 762 (1984)), *review denied*, 180 Wn.2d 1014, 327 P.3d 55 (2014). In *Ellison*, the court held that the invited error doctrine prohibited Mr. Ellison from challenging a fact stipulated to at trial. *Id.* at 716. Mr. Ellison signed an agreement stipulating that the court could consider the facts as true and correct and proved beyond a reasonable doubt. *Id.* After submitting his case for trial on stipulated facts, the trial court convicted Mr. Ellison of the crime charged. *Id.* at 714. On appeal, Mr. Ellison contended that the evidence was insufficient to support the trial court's finding that police were responding to a domestic violence call, a fact stipulated to by Mr. Ellison. *Id.* at 715. The appeals court rejected Mr. Ellison's

argument, holding that irrespective of whether the State presented adequate evidence, Mr. Ellison was bound by his stipulation and the invited error doctrine barred him from challenging the stipulated fact. *Id.* at 716.

Like in *Ellison*, Mr. Amezola cannot complain that a fact that he stipulated to is not supported by the evidence. Prior to the bench trial, Mr. Amezola presented stipulated facts to the trial court and asked the trial court to make a determination. Stipulated fact 27 stated, "The white crystal material was tested and found to contain methamphetamine, a controlled substance." Clerk's Papers at 20. No argument or other evidence was presented other than the stipulated facts. Mr. Amezola stipulated that the substance was found to contain methamphetamine; the invited error doctrine prohibits him from challenging this fact on appeal.

Stipulated fact 27 provides evidence that methamphetamine was the controlled substance found in the car Mr. Amezola was driving. Because Mr. Amezola stipulated to the fact that the substance was methamphetamine, we decline to address his argument based on *Colquitt*. Sufficient evidence supports Mr. Amezola's conviction for possession of a controlled substance.

*Sufficiency of Evidence—Alien in Possession of a Firearm.* Mr. Amezola contends that the State failed to prove the possession element of his conviction for alien in possession of a firearm without a license.

A person is guilty of possessing a firearm without an alien firearm license if the person carries or possesses any firearm, is not a lawful permanent resident, and has not obtained a valid firearm license. RCW 9.41.171.

Possession of a firearm may be actual or constructive. *State v. Echeverria*, 85 Wn. App. 777, 783, 934 P.2d 1214 (1997). Actual possession occurs when the firearm is in the personal custody of the person charged. *State v. Staley*, 123 Wn.2d 794, 798, 872 P.2d 502 (1994) (quoting *State v. Callahan*, 77 Wn.2d 27, 29, 459 P.2d 400 (1969)). "[C]onstructive possession can be established by showing the defendant had dominion and control over the firearm or over the premises where the firearm was found." *Echeverria*, 85 Wn. App. at 783.

In establishing dominion and control over the premises, the totality of the circumstances must be considered and no single factor is dispositive. *State v. Alvarez*, 105 Wn. App. 215, 221, 19 P.3d 485 (2001). "The ability to reduce an object to actual possession is an aspect of dominion and control." *Echeverria*, 85 Wn. App. at 783.

However, it is not enough that the object is in close proximity to the person charged. *State v. Mathews*, 4 Wn. App. 653, 656, 484 P.2d 942 (1971).

A vehicle is a premises for purposes of determining possession. *Id.* An individual's sole occupancy of the vehicle and possession of the vehicle's keys sufficiently supports a finding that the defendant had dominion and control over the vehicle's contents. *State v. Potts*, 1 Wn. App. 614, 616, 464 P.2d 742 (1969).

Sufficient evidence shows that Mr. Amezola had constructive possession of the firearm. The firearm was in the passenger compartment of the car he was driving. It was located behind the passenger seat of the car, within Mr. Amezola's ability to reduce the firearm to actual possession. There were no passengers in the car. The ignition of the car was punched out, and the license plates did not match the car or each other. While Mr. Amezola said that he borrowed the car from a friend, he failed to provide identifying information that would have allowed the officer to locate this friend. This evidence is sufficient for a rational trier of fact to find beyond a reasonable doubt that Mr. Amezola was in constructive possession of the firearm.

*Imposition of a $600 Domestic Violence Penalty Assessment.* Mr. Amezola contests the imposition of a $600 domestic violence penalty assessment.

For any person convicted of a crime involving domestic violence, a court may impose a penalty assessment not to exceed $100. RCW 10.99.080(1).

In assessing fees during the sentencing phase of the bench trial, the trial court stated that it was imposing a $500 crime victim's assessment, a $1,000 fine, a $100 felony DNA (deoxyribonucleic acid) collection fee, a $600 court-appointed attorney fee, and additional court costs in the amount of $260. The court did not mention a domestic violence penalty assessment. However, the domestic violence penalty was included in the written judgment and sentence.

The domestic violence penalty is not warranted. Mr. Amezola was not convicted of a crime of domestic violence. The State admits that the imposition of the domestic violence penalty assessment was likely a scrivener's error. While the trial court informed Mr. Amezola that it was imposing a $600 court-appointed attorney fee, it did not mention a domestic violence assessment fee. The remedy for clerical or scrivener's errors in judgment and sentence forms is to remand to the trial court for correction. *In re Pers. Restraint of Mayer*, 128 Wn. App. 694, 701, 117 P.3d 353 (2005).

No. 31419-7-III
*State v. Amezola*


We affirm the convictions, but remand the judgment and sentence to the trial court to remove the $600 domestic violence penalty assessment.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:


_____          _____
Korsmo, J.                                Fearing, J.