**FILED**
**DECEMBER 3, 2024**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 39475-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN WAYNE GOFF, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

COONEY, J. — A jury found Brian Goff guilty of assault in the second degree and returned special verdicts finding he recklessly inflicted substantial bodily harm on the victim and committed the assault with a deadly weapon.

Mr. Goff appeals, arguing the trial court violated his constitutional right to present a defense, erred in its instruction to the jury on the defense of another, and improperly ordered the victim penalty assessment (VPA) and DNA collection fee. We affirm Mr. Goff's conviction and remand for the limited purpose of striking the VPA and DNA collection fee.

BACKGROUND

On the morning of March 17, 2021, Mr. Goff went to the home of his former girlfriend, Bridgette Phillips. Mr. Goff and Ms. Phillips have a daughter in common.

Upon arrival, Mr. Goff noticed Helin Perez's truck at the residence. Mr. Perez, who also had a previous relationship with Ms. Phillips, was at the residence to drop off his daughter for Ms. Phillips to babysit. Mr. Perez's one-year-old daughter was asleep in the truck while he visited with Ms. Phillips.

While in his vehicle, Mr. Goff noticed Mr. Perez jump off Ms. Phillips's porch and run to his truck. Mr. Goff walked to Ms. Phillips's house where he found Ms. Phillips crying. After speaking with Ms. Phillips, Mr. Goff left the house to tell Mr. Perez to leave. Mr. Perez was standing near the open driver's side door of his truck. Mr. Goff approached the other side of the driver's door, coming within feet of Mr. Perez. Mr. Goff's presence caused Mr. Perez to grab a bat from his truck. Shortly thereafter, Anissa Kafka, a neighbor, appeared.

Ms. Kafka shoved Mr. Perez, "up the driveway to the street." Rep. of Proc. (RP) at 368. As Mr. Goff and Ms. Kafka verbally confronted Mr. Perez, Mr. Perez retreated down the driveway and into the street, with the bat held down by his side. After Mr. Goff and Ms. Kafka returned to the property, Mr. Perez attempted to return to his vehicle out of concern for his own daughter. Ms. Kafka grabbed the bat as Mr. Perez attempted to walk past Mr. Goff and Ms. Kafka. While tussling for control of the bat, Mr. Perez released his grip, causing it to strike Ms. Kafka in the head. Ms. Kafka and Mr. Perez fell

2

to the ground where they continued to wrestle over the bat.  As Mr. Perez attempted to

stand up, Mr. Goff repeatedly struck him with what Mr. Goff described as a tire iron.

After the altercation, Mr. Goff posted a video of the incident he filmed at the scene

to Snapchat.  Ex. 23.  Later, Mr. Goff posted an additional video to Snapchat in which he

described the altercation and justified his defense of Ms. Kafka.  Ex. S30.  In the redacted

video, Mr. Goff states:

> I had this like little tire iron thing in my hand.  Fuck it.  And I just
> stood over him and just busted him in his face about I don't even know.  I
> don't even know. They said I hit him ten times, but his fuckin' shit was
> fucked up.  He was leaking, leaking.  And then, I hit him so many times,
> Anissa finally got the bat.  As soon as she got the bat off, I cracked him in
> the shins a couple times and fuckin' walked down the fuckin' driveway.
> And next thing you know, the cops is pulling in.

Ex. 30.

The State charged Mr. Goff with second degree assault.  The State further alleged

Mr. Goff was armed with a deadly weapon and that he recklessly inflicted substantial

bodily harm on Mr. Perez.  The case was tried to a jury.

At trial, Mr. Goff testified he attacked Mr. Perez in defense of Ms. Kafka.

Mr. Goff testified he remembered striking Mr. Perez twice with the tire iron.  During the

State's cross-examination of Mr. Goff, the court admitted exhibit S30, the redacted

Snapchat video posted hours after the incident.  The State offered exhibit S30 to impeach

3

Mr. Goff's testimony that he only struck Mr. Perez twice. Defense counsel did not object

to admission of the video provided he could inquire into the context of the video.

During defense counsel's redirect examination, Mr. Goff was asked what he said

in the video prior to the portion that was admitted into evidence. The State lodged a

hearsay objection. In response, defense counsel argued that Mr. Goff should be allowed

to testify about the redacted portions of the video under the rule of completeness. The

trial court agreed with defense counsel. However, after the court's ruling, defense

counsel abandoned the question.

Defense counsel then attempted to lay the foundation for a purported transcript of

the Snapchat recording, which was marked as exhibit 31. When asked to authenticate

exhibit 31, Mr. Goff responded: "It's incomplete," "It's just not the whole thing,"

"There's parts missing from the beginning, there's parts missing from the end." RP at

557. Defense counsel requested Mr. Goff read a portion of exhibit 31. The State

objected, citing hearsay. The court sustained the objection.

Defense counsel then moved to admit exhibit 31:

> [DEFENSE COUNSEL]: So I would like to move for admission of
> that [exhibit 31], for the record, as my—And I understand the court's
> inclined to deny it, but that's my motion.
>
> [STATE]: The transcript is nothing but hearsay.
>
> THE COURT: Excuse me. For the record, court will grant you your
> request to make it part of the record, but it will not be read to the jury.

RP at 558.

At the conclusion of evidence, the State proposed, among other instructions,

Washington Pattern Jury Instruction: Criminal (WPIC) 16.04.  WPIC 16.04 reads:

> No person may, by any intentional act reasonably likely to provoke
> a belligerent response, create a necessity for acting in self-defense or
> defense of another and thereupon use force upon or toward another person.
> Therefore, if you find beyond a reasonable doubt that the defendant was the
> aggressor, and that defendant's acts and conduct provoked or commenced
> the fight, then self-defense or defense of another is not available as a
> defense. Words alone are not adequate provocation for the defendant to be
> the aggressor.

Clerk's Papers (CP) at 55.  Mr. Goff proposed WPIC 16.04.01, which reads:

> One who acts in defense of another, reasonably believing the other
> to be the innocent party and in danger, is justified in using force necessary
> to protect that person even if, in fact, the person whom the actor is
> defending is the aggressor.

CP at 30.  After the court offered defense counsel the opportunity to address the proposed

instructions, defense counsel stated, "I don't have anything further to add on that, in

terms of my record."  RP at 625.  Defense counsel did not object to the inclusion of

WPIC 16.04, nor did he advance any argument in support of WPIC 16.04.01.  After

considering the evidence, the court determined, "[WPIC 16.04] seems to be the more

appropriate WPIC.  So the court intends to give 16.04."  RP at 626.

Ultimately, the jury found Mr. Goff guilty of second degree assault.  The jury also

returned special verdicts, finding Mr. Goff recklessly inflicted substantial bodily harm on

5

Mr. Perez and was armed with a deadly weapon during the commission of the crime. The court later sentenced Mr. Goff to a standard range sentence. Although the court found Mr. Goff to be indigent, he was ordered to pay the VPA and DNA fee.

Mr. Goff timely appeals.

## ANALYSIS

On appeal, Mr. Goff argues the trial court violated his constitutional right to present a defense, erred in its instruction to the jury on the defense of another, and improperly ordered him to pay the VPA and DNA collection fee.

WHETHER THE TRIAL COURT VIOLATED MR. GOFF'S CONSTITUTIONAL RIGHT TO PRESENT A DEFENSE

Mr. Goff contends the trial court violated his constitutional right to present a defense when, during the State's cross-examination of him, it admitted a redacted version of a Snapchat video (exhibit S30), but later denied his motion to admit an incomplete unredacted transcript of the Snapchat video (exhibit 31). Because Mr. Goff failed to authenticate the transcript before the trial court and failed to designate the complete video or the complete transcript for our review, we reject his alleged error.[1]

---

[1] The State argues Mr. Goff failed to move for admission of exhibit 31. Mr. Goff's attorney stated, "So I would like to move for admission of [exhibit 31], for the record, as my—And I understand the court's inclined to deny it, but that's my motion." RP at 558. We interpret defense counsel's statement as making a record of his attempt to admit the transcript, rather than a motion to have the transcript made part of the record.

One criminally accused is entitled to due process, including "the right to a fair opportunity to defend against the State's accusations." *Chambers v. Mississippi*, 410 U.S. 284, 294, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973). However, the right is not unfettered. *State v. Lizarraga*, 191 Wn. App. 530, 553, 364 P.3d 810 (2015). An accused does not have "'[the] right to offer [evidence] that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence.'" *Id*. (quoting *Taylor v. Illinois*, 484 U.S. 400, 410, 108 S. Ct. 646, 98 L. Ed. 2d 798 (1988).

In analyzing constitutional claims involving evidentiary rulings, we apply a two-step standard of review. *State v. Clark*, 187 Wn.2d 641, 648-56, 389 P.3d 462 (2017). First, we review the trial court's evidentiary rulings for abuse of discretion. *State v. Arndt*, 194 Wn.2d 784, 797-98, 453 P.3d 696 (2019). If the evidentiary ruling amounted to an abuse of discretion that resulted in prejudice, then we would avoid the constitutional claim altogether. *State v. Jennings*, 199 Wn.2d 53, 59, 502 P.3d 1255 (2022). However, if the ruling was within the trial court's discretion or the abuse of discretion was harmless, we proceed to the second step of evaluating the constitutional question. *Id.*

We review a trial court's evidentiary rulings for abuse of discretion. *State v. Brockob*, 159 Wn.2d 311, 348, 150 P.3d 59 (2006). A court "abuses its discretion when it acts on untenable grounds or its ruling is manifestly unreasonable." *State v. Gaines*, 194 Wn. App. 892, 896, 380 P.3d 540 (2016). "A decision is based 'on untenable

7

grounds' or made 'for untenable reasons' if it rests on facts unsupported in the record or was reached by applying the wrong legal standard." *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003) (quoting *State v. Rundquist*, 79 Wn. App. 786, 793, 905 P.2d 922 (1995)).

A "recorded statement of the defendant and a properly authenticated transcript thereof may, within the sound discretion of the trial court, be admitted as exhibits and reviewed by the jury during its deliberations." *State v. Frazier*, 99 Wn.2d 180, 188, 661 P.2d 126 (1983). To authenticate a transcript, the proponent of the exhibit must make a prima facie showing that the transcript accurately portrays the recording. ER 901.

During his testimony, Mr. Goff was provided with a purported transcript of the Snapchat video. When asked to authenticate the exhibit, Mr. Goff responded: "It's incomplete," "It's just not the whole thing," "There's parts missing from the beginning, there's parts missing from the end." RP at 557. Mr. Goff failed to make a prima facie showing that the transcript accurately portrayed the recording. It was not an abuse of the trial court's discretion to reject the unauthenticated exhibit.

Notwithstanding Mr. Goff's failure to authenticate exhibit 31, also fatal to Mr. Goff's claimed error is neither the unredacted video nor a complete transcript of the recording were designated as a part of the record on appeal. RAP 9.2(b) requires an appellant to provide a sufficient record to review the issues raised on appeal. "An

8

insufficient appellate record precludes review of the alleged errors." *Stiles v. Kearney*, 168 Wn. App. 250, 259, 277 P.3d 9 (2012). We cannot consider matters outside of the record on appeal. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

The trial court did not abuse its discretion in rejecting the unauthenticated transcript of the Snapchat video from evidence. Therefore, we proceed to the second step of evaluating the constitutional question.

We review a claim of a denial of a constitutional right to present a defense de novo. *State v. Jones*, 168 Wn.2d 713, 719, 230 P.3d 576 (2010). Any State interest in excluding evidence must be balanced against the defendant's need for the information sought to be admitted. *Id.* at 720. In weighing whether a defendant's right to present a defense is violated, we consider whether the excluded evidence constitutes the defendant's "entire defense." *Arndt*, 194 Wn.2d at 812-13. Evidence of "extremely high probative value . . . cannot be barred without violating" constitutional safeguards. *Jones*, 168 Wn.2d at 724.

Since exclusion of the transcript was not an abuse of discretion, the determinative factor is whether the transcript was either Mr. Goff's entire defense or of extremely high probative value. *Arndt*, 194 Wn.2d at 812-13; *Jones*, 168 Wn.2d at 724. The transcript was neither. Absent admission of the transcript, there was nothing prohibiting Mr. Goff from testifying to what he said in the redacted portions of the video. Rather than inquire

9

of Mr. Goff what statements he made in the redacted portion of the video, Mr. Goff's

attorney attempted to admit the statements through the transcript. Therefore, we find no

constitutional violation.

WHETHER THE TRIAL COURT FAILED TO ACCURATELY INSTRUCT THE JURY

Mr. Goff argues the court erred when it failed to provide the jury his proposed

instruction (WPIC 16.04.01). The State asserts Mr. Goff failed to preserve the claimed

error, and even if the alleged error was preserved, it was harmless and not a manifest

constitutional error. We agree with the State.

Jury instructions are reviewed de novo for legal accuracy. *Gerlach v. Cove

Apartments, LLC*, 196 Wn.2d 111, 127, 471 P.3d 181 (2020). "Jury instructions are

sufficient when they allow counsel to argue their theory of the case, are not misleading,

and when read as a whole properly inform the trier of fact of the applicable law." *Bodin

v. City of Stanwood*, 130 Wn.2d 726, 732, 927 P.2d 240 (1996).

A proper objection to the inclusion or exclusion of an instruction is a condition

precedent for our review. CrR 6.15(c) provides, in part: "The party objecting shall state

the reasons for the objection, specifying the number, paragraph, and particular part of the

instruction to be given or refused." A party who objects to the inclusion or exclusion of

an instruction must "state distinctly the matter to which counsel objects and the grounds

of counsel's objection." *Millies v. LandAmerica Transnation*, 185 Wn.2d 302, 310, 372

10

P.3d 111 (2016) (quoting CR 51(f)). "[T]he purpose of the rule is to afford the trial court an opportunity to know and clearly understand the nature of the objection to the giving or refusing of an instruction in order that the trial court may have the opportunity to correct any error." *City of Seattle v. Rainwater*, 86 Wn.2d 567, 571, 546 P.2d 450 (1976). When a party fails to take exception to the inclusion or exclusion of an instruction, thereby failing to discuss the basis for their reasoning, the issue will not be considered on appeal. *State v. Hickman*, 135 Wn.2d 97, 104-05, 954 P.2d 900 (1998).

Here, the trial court compared the State's proposed WPIC 16.04 instruction against Mr. Goff's proposed WPIC 16.04.01 instruction. After the court made preliminary remarks about the two instructions, both parties were afforded an opportunity to present argument on the inclusion of their proposed instruction and the exclusion of the others. In response, defense counsel stated, "I don't have anything further to add on that, in terms of my record." RP at 625. The trial court was not advised of the grounds of Mr. Goff's objection to WPIC 16.04 nor his reasons for the inclusion of WPIC 16.04.01. Consequently, the trial court was deprived of the opportunity to know and clearly understand the nature of the objection to its exclusion of WPIC 16.04.01; the trial court lacked the opportunity to correct any error. Mr. Goff failed to preserve his claimed error.

Although we generally decline to review claims of error not raised in the trial court, an exception to that rule permits a party to raise a "manifest error affecting a constitutional right" for the first time on appeal. RAP 2.5(a)(3). This exception is limited and does not allow all asserted constitutional claims to be raised for the first time on appeal. *State v. Kirkman*, 159 Wn.2d 918, 934, 155 P.3d 125 (2007). Instead, the alleged error must be "manifest," which requires a showing of actual prejudice. *Id.* at 935. To establish actual prejudice, the appellant must make a plausible showing that the alleged error had practical and identifiable consequences during trial. *State v. WWJ Corp.*, 138 Wn.2d 595, 603, 980 P.2d 1257 (1999). "[T]he focus of the actual prejudice must be on whether the error is so obvious on the record that the error warrants appellate review." *State v. O'Hara*, 167 Wn.2d 91, 99-100, 217 P.3d 756 (2009).

Because Mr. Goff failed to object to the trial court's failure to provide the jury with WPIC 16.04.01, we could decline review under RAP 2.5, unless he could show that it was of constitutional magnitude and manifest, or that another exception to the rule applies. However, on appeal, Mr. Goff does not argue that the error is a manifest error affecting a constitutional right under RAP 2.5(a)(3). Nor does he argue that another exception to RAP 2.5 applies. Notably, Mr. Goff fails to even cite RAP 2.5 in his briefing. We consider his failure to cite RAP 2.5(a)(3) and advance argument that the

12

alleged error is reviewable under RAP 2.5(a)(3) as a concession that the claimed error is not manifest.

VICTIM PENALTY ASSESSMENT AND DNA COLLECTION FEE

Mr. Goff contends that, because he is indigent, the trial court erred when it ordered the VPA and the DNA collection fees. The State concedes. We accept the State's concession.

Former RCW 7.68.035(1)(a) (2018) required a VPA be imposed on any individual found guilty of a crime in superior court. In April 2023, the legislature passed Engrossed Substitute H.B. 1169 (H.B. 1169), 68th Leg., Reg. Sess. (Wash. 2023), that amended RCW 7.68.035 to prohibit the imposition of the VPA on indigent defendants. RCW 7.68.035 (as amended); LAWS OF 2023, ch. 449, § 1. H.B. 1169 took effect on July 1, 2023. Amendments to statutes that impose costs upon convictions apply prospectively to cases pending on appeal. *See State v. Ramirez*, 191 Wn.2d 732, 748-49, 426 P.3d 714 (2018).

Similarly, pursuant to former RCW 43.43.754 (2018), the trial court was required to impose a DNA collection fee for every sentence imposed for the crimes specified in RCW 43.43.754. Effective July 1, 2023, the legislature amended RCW 43.43.754 by eliminating language that made imposition of the DNA collection fee mandatory. *See* LAWS OF 2023, ch. 449, § 4.

Because Mr. Goff's case is pending on direct appeal, the amendments apply.

Further, the trial court found Mr. Goff to be indigent at the time of his sentencing. Thus,

we remand for the trial court to strike the VPA and DNA collection fee from Mr. Goff's

judgment and sentence.

## CONCLUSION

We affirm Mr. Goff's conviction but remand for the limited purpose of striking the

VPA and DNA collection fee.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Cooney, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Staab, J.

14